ST. PAUL, STILLWATER & TAYLOR'S FALLS RAILROAD COMPANY *vs.* DANIEL M. ROBBINS.

March 24, 1877.

**Subscription to Stock of Corporation.**—A subscription for stock of a corporation, in the following words and figures, to wit: "We, the undersigned, do hereby subscribe to the preferred capital stock of the St. Paul, Stillwater & Taylor's Falls Railroad Company, and promise to pay for the number of shares set opposite our respective names; these subscriptions not to be binding until sixty-five thousand dollars of said stock is subscribed for. Date: October, 1872; Name of subscriber: Daniel M. Robbins; No. of

shares: 20; par value: $2,000;" taken in the stock-subscription book of the company, authorized by it to be opened to receive such subscriptions, and the issuance of such preferred stock having been duly authorized by it, constitutes (the $65,000 having been subscribed for) a valid contract on the part of the company to issue the stock, and, on the part of the subscribers, to receive and pay for the stock.

**Same—Conditions Precedent to Suit by Corporation.**—The promises of the respective parties to such a contract are concurrent and dependent, and neither can require the other to perform, without performing or offering to perform on his part. A complaint in an action by the company upon such a subscription, which does not aver that the company has issued, or offered to issue, the stock to the defendant, is insufficient.

This action was brought in the district court for Ramsey county. A demurrer to the complaint, as not stating a cause of action, was sustained by *Wilkin*, J., on the ground that the complaint failed to aver that the company had authorized or directed the issue of the preferred stock for which the defendant subscribed. The complaint having been amended, a demurrer to the amended complaint was overruled by *Simons*, J., on the ground that, in the decision sustaining the former demurrer, the complaint had been held sufficient, except for the defect above mentioned, and that such defect had been supplied by the amendment. From the order overruling his demurrer the defendant appealed.

*Lamprey & James*, for appellant.

*A. B. Stickney* and *L. R. Cornman*, for respondent.

GILFILLAN, C. J. Appeal from an order overruling a demurrer to the amended complaint. The action is to recover the amount of a subscription to the plaintiff's capital stock, which subscription is alleged to have been made in the regular stock-subscription book of the plaintiff, in the words and figures following: "We, the undersigned, do hereby subscribe to the preferred capital stock of the St. Paul, Stillwater & Taylor's Falls Railroad Company, and promise to pay for the number of shares set opposite our respective names; these subscriptions not to be binding until sixty-five thousand dollars of said stock is subscribed

for. Date: October, 1872; Name of subscriber: Daniel M. Robbins; No. of shares: 20; par value: $2,000."

The shares were for $100 each.

The amended complaint alleges that " the plaintiff, being fully authorized and empowered to issue the preferred capital stock mentioned and set forth in said agreement, and for which the defendant subscribed as aforesaid, did, by an order and resolution duly made and adopted by its board of directors, at a meeting thereof duly convened and held on August 21, 1872, duly authorize and direct the issuance of the preferred capital stock aforesaid, and also did direct that the books of plaintiff should be opened to receive subscriptions for the same; and that, pursuant to such authority and direction made as aforesaid, the defendant subscribed for said stock as aforesaid." The amount of $70,500 was subscribed. The amended complaint does not allege any other act done by the plaintiff, either that any call or assessment upon the subscriptions was made, or any demand for payment, or that any stock certificates were issued, or even that plaintiff is ready and willing to issue them, upon being paid the amount of the subscriptions.

The subscription by defendant constituted a valid contract on the part of the company to issue the stock to defendant, and, on his part, to pay for it. An implied promise to issue the stock, arising from the circumstances under which the subscription was taken, is the consideration for the defendant's promise. The question is, was there a breach on the part of defendant?

It appears from the complaint that, at the time of this subscription, the company was fully organized, so that it does not stand upon precisely the same footing as a subscription made prior to, and for the purpose of effecting, the organization. Such a subscription gives to the subscriber an interest in the corporation, and the right to take part in organizing it, and this interest and right are a sufficient consideration to support his promise. But the subscription

in this case does not appear to have been to the original stock; on the contrary, it appears that, after the company was fully organized, its board of directors authorized and directed the issuance of what, in the amended complaint, is called "preferred capital stock," and also directed that the company's books should be opened to receive subscriptions for the same. The mere subscription to this stock, while it constitutes a valid contract on the part of the company to issue the stock to defendant upon his paying for it, and, on his part, to receive and pay for it, does not give him an interest in the company, nor vest in him the title to the stock. It can be sustained as a contract only on the implied promise of the company to issue the stock to him. No time is appointed, in the writing subscribed, for the payment of the money or the issuance of the stock, except that the subscription should not be valid until $65,000 of the stock should be subscribed for. We regard the two promises as concurrent and dependent, and that neither party could require the other to perform without performing or offering to perform the promise on his part. As plaintiff has neither issued the stock, nor offered to issue it, the action is prematurely brought.

Order reversed.