(Opinion published 52 N. W. Rep. 37.)

---

## WALTER G. MARSON *vs.* CHARLES F. DEITHER.

Argued April 11, 1892. Decided May 3, 1892.

**Court may Make Calls upon Stock of Insolvent Corporation, when.** Where a corporation has made an assignment for the benefit of creditors under the insolvent law, the court in which the insolvency proceedings are pending may make an order requiring payment of unpaid stock subscriptions, the same as the directors might have done before the insolvency proceedings.

**Tender of Certificate of Stock Unnecessary, when.**—In an action for an unpaid stock subscription, it is not necessary to allege the issue and tender of a certificate of stock, unless it is expressly stipulated in the contract that the stock is to be paid for upon issuance of the certificate therefor. *Columbia Electric Co.* v. *Dixon,* 46 Minn. 463, followed.

Appeal by defendant, Charles F. Deither, from an order of the District Court of Ramsey County, *Otis,* J., made January 10, 1891, overruling his demurrer to the complaint.

The Petrole Fuel Company of Minneapolis, a domestic manufacturing corporation, was organized June 22, 1889, with $200,000 capital. The stock was divided into 2,000 shares, of $100 each. The defendant, Charles F. Deither, subscribed for fifty of the shares, to be paid for at such times and in such amounts as the board of directors of the corporation might direct. His subscription was accepted, whereby a contract to that effect was made between him and the corporation. On November 23, 1889, the Petrole Fuel Company made an assignment under Laws 1881, ch. 148, of all its property, to Fred H. Wendall, to pay its debts. This assignment was filed in the District Court of Hennepin County, and on December 5, 1889, that court removed Wendall, and appointed Galen B. Coffin in his stead to execute the trust. He applied to that court on March 3, 1890, upon petition, for an order that each stockholder, including defendant, pay plaintiff $40 on each share of stock owned by him. The petition set forth a list of all the stockholders and the number of shares held by each, and stated facts showing the assets and liabilities and the necessity for the call. The court ordered such call made, and the assessments to be paid by the stockholders severally on or before April 5, 1890, and directed that an action for its recovery be commenced against each stockholder who should fail to pay his assessment by that date. The defendant failed to pay, and Coffin, as such new assignee, brought this action against him in the District Court of Hennepin County to recover $2,000, the amount called and due upon his fifty shares. On motion the venue was changed to Ramsey County, and defendant demurred to the complaint, on the ground that the facts stated in it did not constitute a cause of action. The demurrer was overruled, and he appealed. Afterwards Walter G. Marson was appointed a new assignee by the District Court of Hennepin County in the insolvency proceedings, in the place and stead of Coffin. He was afterwards substituted as plaintiff in this action, and appeared as the respondent in this court.

*Morphy, Gilbert & Morphy,* for appellant.

In order to make the defendant liable, it must be proved and consequently alleged that the company tendered the defendant the stock,

or at least that the company became liable to the defendant for the stock. *New York & M. Gold Min. Co.* v. *Martin,* 13 Minn. 417, (Gil. 386;) *St. Paul, S. & T. F. R. Co.* v. *Robbins,* 23 Minn. 439; *Minneapolis Harvester Works* v. *Libby,* 24 Minn. 327.

*Walter J. Marson, pro se.*

When a corporation avails itself of the insolvency act, and makes an assignment, if the contract of subscription provides that the subscription is payable only on call of the directors, the court may make the call, and order the stockholders to pay the whole or a part of their subscription, which order is of the same force and effect as a call by the directors of an active corporation. *Scovill* v. *Thayer,* 105 U. S. 143; *Glenn* v. *Williams,* 60 Md. 93; *Curry* v. *Woodward,* 53 Ala. 371; *Sanger* v. *Upton,* 91 U. S. 56; *Hatch* v. *Dana,* 101 U. S. 205.

Upon this demurrer the court will assume that all the stock had been subscribed. As the contract of subscription is an unconditional promise, it was not necessary to allege that all the stock had been subscribed, or that defendant had waived the same. *Lail* v. *Mt. Sterling Coal R. Co.,* 13 Bush, 32.

It was not necessary to allege that the stock certificates had been tendered to the defendant. *Sanger* v. *Upton,* 91 U. S. 56; *Minneapolis Harvester Works* v. *Libby,* 24 Minn. 327.

MITCHELL, J. This was an action by the assignee of an insolvent corporation on a subscription for stock of the company. According to the complaint, the defendant had subscribed for a certain number of shares of the stock, payable "in such manner and at such times as the board of directors of the company might direct." The corporation had made an assignment for the benefit of its creditors under the general insolvency law, and the plaintiff had been appointed and had qualified as assignee. The court in which the insolvency proceedings were pending had made an order requiring the stockholders, including this defendant, to pay forty per cent. of the amount of stock subscribed for by them. Notwithstanding due and seasonable notice of this order, and a demand by plaintiff for pay-

ment, the defendant had neglected and refused to pay the same. We are unable to see why this does not state a cause of action. Some of counsel's criticisms on the complaint proceed upon the assumption that the action is brought on the order of court, and that defendant's liability is based upon that alone. This is clearly erroneous. The cause of action alleged is founded on the subscription contract. Of course, the money did not become due or payable until a call had been made by the directors, or some authorized demand for payment made equivalent to such a call. But this is but a step in the process of collection, and the order of court, which was equivalent to a "call," was pleaded, not as the basis of defendant's liability, but to show that the money had become due and payable according to the terms of the contract.

The authority and jurisdiction of the court in which the insolvency proceedings were pending to make an order requiring payment of unpaid stock subscriptions, as the directors might have done before the insolvency proceedings, is so well established as hardly to require the citation of authorities. The court will, in such cases, do, in behalf of creditors, what it is the duty of the corporation to do in respect to calls, and may itself make the call, although by the terms of the contract of subscription the money is payable on the call of the directors. *Sanger* v. *Upton*, 91 U. S. 56; *Hatch* v. *Dana*, 101 U. S. 215; *Scovill* v. *Thayer*, 105 U. S. 155; Cook, Stocks, § 207.

It is urged that the complaint is defective in not alleging the issue and tender of a certificate for the stock. This "call" is only for forty per cent., and it does not appear that the other sixty per cent. had been paid. As a party is not entitled to a certificate until the stock *is fully paid, the point, so far as the present appeal is concerned,* might be disposed of by this statement of the facts. But there is a doubt, under our decisions, as to the precise position of this court upon the question as to whether it is any defense to an action on a stock subscription that no certificate has been issued and tendered, which had better be removed at this time.

In *St. Paul, S. & T. F. R. Co.* v. *Robbins*, 23 Minn. 439, (where the issue was of preferred stock after the whole of the original stock had been issued,) it was held that a tender of a certificate

was necessary and should be pleaded. This case seems to put the subscription for the stock on the footing of a contract for the purchase of property, where the promise to sell and the promise to pay are concurrent and dependent, and where consequently neither party can compel the other to perform, without performing or offering to perform on his part. If the so-called "preferred stock" in that case was, as is often the fact, the obligations of the corporation, or merely pledges of its revenues, of course it stood on the same footing as any other purchase. But that the decision was understood as applying to subscriptions for stock, properly so called, is evident from what is said in *Minneapolis Harvester Works* v. *Libby*, 24 Minn. 327. Without having our attention called to these cases, and not having them in mind, we held in *Columbia Electric Co.* v. *Dixon*, 46 Minn. 463, (49 N. W. Rep. 244,) that it is no defense to an action on a stock subscription to allege that no certificate for the stock has been tendered. It would *a fortiori* follow that it was not necessary to allege a tender in the complaint. This is the rule generally, if not universally, laid down in the text books, and is supported by an almost unbroken line of decisions. The ground upon which it is put is that a subscription for the stock of a corporation does not stand on the footing of a purchase of property; that when the subscriber pays he is the owner of the stock; that it is the payment which makes him a stockholder, the certificate being merely the evidence of his right; that he is a full stockholder, with all the rights of one, even if a certificate is never issued to him; and therefore it is for him to demand the certificate when he wishes one, and not for the corporation to tender one. This doctrine being, as it seems, in accordance with the general current of the authorities, we shall follow it, and adhere to the decision in *Columbia Electric Co.* v. *Dixon, supra.*

And, so far as this question is concerned, we can see no distinction between a subscription to the stock of a corporation already fully organized and a subscription made prior to and for the purposes of organization. The rule, of course, has no application to the case of a sale of stock, which stands on the same footing as any other contract of purchase of property. It is also undoubtedly true that parties

may contract that the stock shall not be paid for until the certificate therefor has been issued and delivered or tendered. Compare *Summers* v. *Sleeth*, 45 Ind. 598, with *Miller* v. *Wild-Cat Gravel Road Co.*, 52 Ind. 51.

Order affirmed.

(Opinion published 52 N. W. Rep. 38.)