WALTER A. WOOD HARVESTER CO. *vs.* RUFUS C. JEFFERSON *et al.*

Argued May 1, 1894.    Reversed June 12, 1894.

No. 8669.

**Recovery for stock subscribed—Tender of the stock.**

Where, in an action brought to recover the full amount due upon a stock subscription agreement, or a final payment when the amount is to be paid in installments, it is alleged in the complaint that, after signing the agreement, defendant subscribers delivered it to plaintiff corporation, and the latter then and there accepted the subscription, and agreed to deliver the shares subscribed for to the former when paid for, it is also necessary to allege a readiness and willingness on the part of the plaintiff to deliver the stock certificates. *Held*, that the complaint herein stated but one cause of action, although a number of calls made by the board of directors for the payment of installments of the amount subscribed and that defendants refused to pay, were set forth separately and independently, including a call for the final installment due.

Appeal by defendants, Rufus C. Jefferson and James Kasson, from an order of the District Court of Ramsey County, *Wm. Louis Kelly*, J., made October 7, 1893, overruling their demurrer to the complaint.

The plaintiff, the Walter A. Wood Harvester Company, is a corporation organized in January, 1892, under the laws of this state, with a capital of $2,500,000 divided into shares of $100 each. The defendants are partners in business and on January 22, 1892, subscribed for and agreed to take and pay for at par fifty shares of the stock. They signed the stock subscription and paid five per cent. upon their shares. The balance was to be paid in install-

ments as called for by the board of directors, and by the terms of the subscription agreement, they were to receive their stock when paid for. The board made calls payable as follows: July 5, 1892, five per cent; August 5, 1892, five per cent; September 20, 1892, ten per cent; October 20, 1892, ten per cent; November 20, 1892, ten per cent; December 20, 1892, ten per cent; January 20, 1893, ten per cent; February 10, 1893, ten per cent; March 10, 1893, ten per cent; April 10, 1893, five per cent; May 10, 1893, five per cent; and June 10, 1893, five per cent. None of these calls were paid by defendants and this action was brought to recover the $4,750 remaining unpaid. Each call was set forth in the complaint as a several and separate cause of action. It nowhere stated that the shares of stock had been offered to defendants or that the plaintiff was able, ready or willing to deliver the stock on receiving payment.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer and gave defendants leave to answer in twenty days on payment of ten dollars costs, citing *Marson* v. *Deither*, 49 Minn. 423. Defendants appeal from the order.

*Owen Morris*, for appellants.

The promise of plaintiff to deliver the stock and the promise of defendants to pay for it were concurrent and dependent, and neither party could require the other to perform without performing or offering to perform the promise on its or their part. As plaintiff has neither issued the stock nor offered to issue or deliver it, the action is prematurely brought. *James* v. *Cincinnati, H. & D. R. Co.*, 2 Disney 261.

*Marson* v. *Deither*, 49 Minn. 427, cited by the lower court is inapplicable, for this court there says, it is also undoubtedly true that parties may contract that the stock shall not be paid for until the certificate therefor has been issued and delivered or tendered. *Clark* v. *Continental Imp. Co.*, 57 Ind. 135; *Pittsburg & C. R. Co.* v. *Stewart*, 41 Pa. St. 54; *Chase* v. *Sycamore & C. R. Co.*, 38 Ill. 215.

*Munn, Boyeson & Thygeson,* for respondents.

Was a tender of the shares necessary? The case of *Marson* v. *Deither,* 49 Minn. 423, answers the question in the negative. The fact that plaintiff alleges in its complaint that it agreed to deliver the said shares so subscribed for by defendants to them when paid for, does not render the case of *Marson* v. *Deither* inapplicable. From the language of the allegation it appears that the shares were not to be delivered until they had been paid for. Payment of the subscription was to precede the delivery of the shares subscribed for. *Walter A. Wood Harvester Co.* v. *Robbins,* 56 Minn. 48.

COLLINS, J. This was an action brought upon the stock subscription under consideration in the same plaintiff against *Robbins,* 56 Minn. 48, (57 N. W. 317;) the main difference being that the attempted recovery here was for the entire amount subscribed, less five per cent. paid on the first call, instead of for a single installment. We need not discuss all of the points made upon the appeal, which is from an order overruling a general demurrer to an amended complaint.

There is one allegation in this complaint which was not found in that considered in the *Robbins* Case, namely that, after signing said agreement, the defendants delivered the same to plaintiff, and plaintiff then and there accepted said subscription agreement, and agreed to deliver said shares so subscribed for by defendants to them when paid for. It is contended that by this allegation the transaction set forth in the complaint was a purchase of the stock shares, as distinguished from a subscription for shares, and that the complaint is therefore defective and insufficient, because there is no allegation that plaintiff has tendered the shares, and none that it is able and willing so to do.

In *Columbia Electric Co.* v. *Dixon,* 46 Minn. 463, (49 N. W. 244,) the rule was laid down that it was no defense to an action on a subscription for stock shares to allege in the answer that the corporation had not delivered or tendered the certificate to which the subscriber was entitled. Citing that case, and also referring to the

earlier one of *St. Paul S. & T. F. R. Co.* v. *Robbins*, 23 Minn. 439, which at first impression seemed to be at variance, it was held in *Marson* v. *Deither*, 49 Minn. 427, (52 N. W. 38,) which was brought by an assignee in insolvency to recover forty per cent. of an amount subscribed for stock shares, that it was not necessary to allege a tender of the stock certificate in the complaint. The court below, when making its order, as well as counsel for plaintiff in the argument, relied upon the last-mentioned case as governing the one at bar on this particular point. We do not think so. The transaction, as alleged in the complaint now before us, was unlike that set out and considered in the *Marson* Case. It is expressly averred here that upon the delivery of the subscription agreement by defendants, and its acceptance by plaintiff, the latter agreed to deliver the stock shares subscribed, to the former when paid for; and the action is brought, not for a single installment of the amount subscribed, but for all that can become due in any event,—for the final installment among others. Under the language used in the agreement it seems plain that the delivery of the shares by plaintiff, and payment of the final installment by defendants, were intended to be concurrent acts, one dependent on the other. In this respect the transaction is easily to be distinguished from that considered in *Marson* v. *Deither.*

It is claimed by defendants' counsel that the complaint is defective, not only because it does not contain an averment of readiness and willingness to issue and deliver the stock shares, but because it fails to allege a tender thereof. A reasonable construction, it is said, must be put upon, and some effect attributed to, the language of the agreement, which was that plaintiff was "to deliver the said shares so subscribed for by defendants to them when paid for." We think that this language cannot be ignored, for under it the right to enforce full payment cannot be regarded as distinct and independent from the ability and willingness to deliver the shares. The acts must be regarded as contemporaneous. The defendants were to pay and the plaintiff was to deliver at the same time. If the latter is not in position to comply with its part of the contract, there should be no enforcement as against the former. And we think that there should, at least, have been an allegation in the complaint that plaintiff was ready and willing to deliver the certificates of stock. An

action to enforce payment of stock subscriptions may be maintained, it is said, without a previous tender of stock certificates, and this is true even though the contract may provide for their issue upon payment. A readiness and willingness, however, to deliver the certificates must be alleged in the complaint in actions for the whole amount subscribed, or to enforce payment of the final installment of the amount subscribed. *James* v. *Cincinnati H. & D. R. Co.*, 2 Disney, 261; *Clark* v. *Continental Imp. Co.*, 57 Ind. 135; 2 Beach, Priv. Corp. § 574; Cook, Stock & Stockh. § 192. It is true that plaintiff's counsel have set forth its cause of action in the complaint, which, as before stated, was for the entire amount of the subscription, less five per cent. paid on the first call made by the board of directors, as if it actually consisted of several causes of action. The subscription called for payment in installments as the board of directors might require and direct by resolution, and, in the complaint, each of these calls is set out, with other essential allegations, by itself, as fully as if the action had been brought for a single installment. But the fact that, as to each of these installments, the allegations are complete and sufficient, will not prevail as against a general demurrer, for the complaint must be taken as stating a single cause of action, namely, the recovery of the balance of the subscription remaining due and unpaid. The plaintiff would not have been permitted, when it brought this action, after the last call or assessment was made, to split its cause of action, and to bring separate actions for each installment. Hence, the complaint really contained but one cause of action, and is to be so treated.

As to the other alleged defects, we think the pleading is not open to the charge that it failed to state a cause of action. Order reversed.

The CHIEF JUSTICE, absent, serving as a member of the state board of regents, and BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 532.)