## JOHN J. BARTLETT V. WILLIAM T. SCOTT.

FILED JUNE 23, 1898.   No. 8205.

1. **Corporations:** ACTION FOR PURCHASE PRICE OF STOCK: PLEADING. To maintain an action at law for the purchase price of corporation stock plaintiff, ordinarily, must plead and prove a delivery or tender of such stock before the bringing of his suit.

2. **Evidence:** WITNESSES. This court will not weigh conflicting evidence, nor decide on the credibility of witnesses.

3. **Pleading:** AMENDMENTS: REVIEW. It is not reversible error to refuse to permit a petition to be amended on the trial, when such amendment, taken in connection with the other averment of the petition, did not state a cause of action.

ERROR from the district court of Buffalo county. Tried below before SINCLAIR, J. *Affirmed.*

*Moore & Hand,* for plaintiff in error.

*William Gaslin,* contra.

NORVAL, J.

This suit was instituted in the court below by John J. Bartlett against William T. Scott to recover $5,833.33 and interest on a written contract of which the following is a copy:

"KEARNEY, NEB., June 8, 1891.

"This agreement, made and entered into between J. J. Bartlett, R. L. Downing, and W. T. Scott, all of Kearney, witnesseth, that whereas J. J. Bartlett has subscribed to the stock of the Kearney Cotton Mill Company to the amount of $17,500 (175 shares) and is entitled by so doing to 1-12 of the subsidy given by the citizens of Kearney to said cotton mill company: Now, therefore, it is agreed that the stock shall be divided into three parts of $5,833.33 each and be paid for, respectively, by the aforesaid J. J. Bartlett, R. L. Downing, and W. T. Scott as called by the Kearney Cotton Mill Company, and such

subsidy shall also be equally divided between the aforesaid parties.

"Witness our hands this —— day of ———, 1891.

> "J. J. BARTLETT.
> "R. L. DOWNING.
> "W. T. SCOTT.

"Witness:

> "W. W. CUMSTOCK."

Upon the trial the defendant obtained judgment, to reverse which is the purpose of this proceeding.

As we read the foregoing contract, Scott thereby promised and agreed to purchase from Bartlett 58⅓ shares of the capital stock of the Kearney Cotton Mill Company and one-twelfth of the subsidy donated to said corporation by the citizens of Kearney, for which Scott was to pay Bartlett $5,833.33 at such times as the cotton mill company should call upon Bartlett for the payment of his stock subscription. The petition is framed upon that theory, and the action is, therefore, to recover the price of the 58⅓ shares of stock, rather than for damages for a breach of contract. There is no averment in the petition that plaintiff has ever delivered or tendered to the defendant the shares of stock and one-twelfth of the subsidy mentioned in the contract. To entitle plaintiff to recover the purchase price it devolved upon him to plead and prove either a delivery, or tender, to the defendant of the stock and subsidy. (*Wasson v. Palmer*, 17 Neb. 330; *Green v. Reynolds*, 2 Johns. [N. Y.] 207; *Jones v. Gardner*, 10 Johns. [N. Y.] 266; *Babcock v. Stanley*, 11 Johns. [N. Y.] 178; *Williams v. Healey*, 3 Den. [N. Y.] 363; *Hosmer v. Wilson*, 7 Mich. 303; *Campbell v. Gittings*, 19 O. 347.) It is true the petition alleges that plaintiff has been at all times and is now ready and willing to turn over the stock and subsidy, but this is not sufficient. It is not equivalent to a tender or offer to perform. (*Parker v. Parmele*, 20 Johns. [N. Y.] 130.)

It is argued that it was unnecessary to plead a tender of the stock, because defendant refused to pay or to

recognize the existence of the contract. Cases are cited to support the doctrine that "Where the vendor claims to have rescinded, repudiates, and denies the obligation of the contract, placing himself in such a position that it appears that if the tender were made its acceptance would be refused, then no tender need be made by the vendee." (*Brock v. Hidy*, 13 O. St. 306.) The petition contains no averments excusing a tender of the stock, as that the defendant repudiates the contract; hence the doctrine just quoted cannot be invoked by plaintiff.

One of the defenses interposed was that the contract above set forth has been rescinded by the subsequent agreement of the parties. The defendant pleads in his answer, and his evidence adduced on the trial tends to establish, that shortly after making the contract in question another agreement, upon sufficient consideration, was entered into between plaintiff and defendant whereby the contract in suit was rescinded and the defendant was released therefrom. The evidence bearing upon the question of rescission is conflicting and hopelessly irreconcilable. But this court must decline to weight conflicting evidence and pass upon the credibility of the witnesses. It is sufficient that the evidence is ample to sustain the finding and judgment.

Complaint is made of the refusal of the court below on the trial to permit the plaintiff to amend his petition by alleging that a mutual mistake was made by the parties in using the word "subsidy" in the contract, and to aver that the subsidy referred to was represented by the stock of the Central Land Company, and was so understood by the parties at the time. There was no prejudicial error in this ruling, since had the amendment been allowed, as proposed, still the petition would not have stated a cause of action on account of the omission to allege performance or offer to perform the conditions of the contract by the plaintiff. Moreover, the defendant had already filed an amended petition, and it was within the discretion of the court below whether it would permit

another amendment to be made after the trial had begun. (*Bush v. Bank of Commerce*, 38 Neb. 403.)

It is manifest from the views already expressed that no reversible error could have been committed in the exclusion of testimony. The judgment is

AFFIRMED.