STRAW & ELLSWORTH MANUFACTURING COMPANY v. L. D. KILBOURNE BOOT & SHOE COMPANY.[1]

June 1, 1900.

Nos. 12,034—(53).

|  |  |
|---|---|
| 80 | 125 |
| f80 | 354 |
| 80 | 125 |
| f84 | 150 |

**Laws 1899, c. 272—Assessment of Stockholders of Insolvent Corporation.**

Under the provisions of Laws 1899, c. 272, an act entitled "An act to provide for the better enforcement of the liability of stockholders of corporations," the district court is authorized to proceed (section 2), upon notice given as such court may direct, to ascertain (section 3) the probable indebtedness of a corporation which has made an assignment under the laws of this state for the benefit of its creditors, or for which a receiver in insolvency has been appointed, and the expenses of such assignment or receivership; and also the probable amount of assets available for the payment thereof; and also as to what parties are or may be liable as stockholders, and the nature and extent of such liability; and if, on such

[1] Reported in 83 N. W. 36.

ascertainment, it appears to the court that the assets are insufficient to meet the indebtedness and expenses of the trust, it is authorized and directed to levy a ratable assessment upon all parties liable as stockholders, or on account of stock shares, for such an amount, proportion, or percentage of the liability as in its discretion such court may deem proper. Under section 5 the order and assessment so levied is made conclusive upon and against all parties so liable as to all matters relating to the amount of, the propriety of, and the necessity for, such an assessment.

### Jurisdiction over Absent Stockholders.

*Held,* that in a proceeding in accordance with sections 2 and 3, supra, the court having obtained jurisdiction over the corporation, the shareholders of the corporation are within the jurisdiction of the court in which the proceeding is instituted, so far as is necessary for a determination of all of the questions specified in section 3, and that the decision of the court is binding upon stockholders who are not before the court otherwise than by virtue of their membership in the corporation. As members they are conclusively bound, as provided in section 5, by a determination as to the amount of the corporate assets and the amount of the liabilities, and as to the amount of the assessment, which is levied per share of stock against the stockholders, not against them by name, but generally.

### Order of Assessment—How Far Conclusive.

Section 5 goes no further than this. It does not purport to deprive a person, when sued for the amount assessed on each share, under section 4, from showing, if he can, that he is not a stockholder, or that he is not the holder of so large an amount of stock as is alleged, or that he has a claim against the corporation which in law or equity he may be entitled to set off as against the claim or judgment in assessment; or he may make any other defense which is personal to himself. Under section 5, the order of assessment is conclusive upon all of the stockholders, so far as it decides the amount of the assets or the liabilities of the insolvent corporation, and it is also conclusive as to the necessity of making an assessment to the extent and in the amount ordered.

### Collection of Assessment.

And collection of such amount can be enforced wherever the stockholders are found.

### Sections 2, 3, 4, 5, not Unconstitutional.

The sections of said chapter 272 heretofore referred to are not in violation of any of the provisions of the constitution of the United States or of the state of Minnesota, in that a judicial proceeding is thereby authorized

without due process of law.  Nor are said sections unconstitutional because as to stockholders who became such prior to the passage of the law, they impair the obligation of a contract.

## No Vested Right to Particular Remedy.

There is no such thing as a vested right to a particular remedy.  The legislature may always alter the form of administering right and justice.  An objection to a law like the one under consideration, to be tenable, must go further than to a mere change of remedy.  It must show that it increased the actual liability of the stockholders, or, in other words, that the extent or measure of liability has been augmented.  Nor were substantial rights of stockholders affected by chapter 272, because there may be equities and different liabilities as between them, and as between them and creditors of the corporation.  These equities and liabilities are to be inquired into, adjusted, and passed upon in the original action or proceedings.

## Findings of Fact.

Findings of fact upon which to base an order of assessment under section 3 are unnecessary, and need not be made.

Action in the district court for Hennepin county by a judgment creditor of defendant corporation for sequestration of its property.  Horace R. Robinson, having been appointed receiver of defendant, filed a petition, pursuant to Laws 1899, c. 272, for an assessment of the stockholders.  From an order, Brooks, J., directing such assessment, Louis D. Kilbourne and other stockholders appealed.  Affirmed.

*Fred B. Dodge*, for appellants.

When the stockholders subscribed the law was, and consequently it was a term in their contract, that in the event of insolvency of the corporation their liability for its debts should be ascertained in an equitable action brought by and on behalf of all creditors and against the corporation and all stockholders of whom the court had jurisdiction, to determine the amount remaining due to such creditors respectively after the assets of the corporation had been exhausted; thereby providing a basis for determining the extent of the liability of the respective stockholders.  G. S. 1894, c. 76, prescribes an exclusive remedy, and that the rules of equity are to be followed.  Hanson v. Davison, 73 Minn. 454.  These rights, as well

as liabilities, were contractual, and, consequently, were vested property rights. A right of defense is as much a remedy within the constitution as a right of action. Board v. Blodgett, 155 Ill. 441. The statute does not in terms deny an appeal from the assessment, but it is the evident intention to preclude appeal,—first, by making the order conclusive and, second, by giving it the form of an interlocutory order. Where an act declares that the finding or adjudication shall be conclusive, no appeal lies therefrom though an appeal would lie under the general provisions of law. King v. Mayor, 36 N. Y. 182; New York v. Marvin, 1 Kern. 276. While the procedure may be changed, there should be preserved ample opportunity to make, and be heard as to, all defenses. Hill v. Merchants Mut. Ins. Co., 134 U. S. 515; Com. v. President, 3 Allen, 42.

If our construction is correct, practically all safeguards for protection by a stockholder are broken down, and his rights are substantially impaired. The remedy and procedure existing when a contract is made are part of its obligation, and any subsequent law which so affects it as substantially to impair a right thereunder is unconstitutional. Edwards v. Kearzey, 6 Otto, 595; Bronson v. Kinzie, 1 How. 311; People v. Common Council, 140 N. Y. 300; Peninsular v. Union, 100 Wis. 488; Swinburne v. Mills, 17 Wash. 611.

The service and procedure provided for is not due process of law. In so far as it permits service by publication on a resident, assuming, of course, that the hearing involves a substantial right, it is unconstitutional. Bardwell v. Collins, 44 Minn. 97; State v. Guilbert, 56 Oh. St. 575; Brown v. Board, 50 Miss. 468. The right to notice is constitutional. 1 Elliott, Gen. Pr. § 342. To render the jurisdiction of the court effectual the thing in controversy, or the parties interested, must be subjected to the process of the court. Cooley, Const. Lim. 497; Stuart v. Palmer, 74 N. Y. 183; Ireland v. City, 51 Barb. 414; Seifert v. Brooks, 34 Wis. 443; Louisville v. Nash, 118 Ala. 477. It is true that the law contemplates further proceedings for the rendition of final judgment. If in that proceeding all matters affecting the liability of stockholders could be inquired into and all defenses interposed, the law might not be subject to the objection under consideration. Kizer v. Town, 141 Ind.

694; Scott v. City of Toledo (C. C.) 36 Fed. 385; State v. Common, 42 Wis. 287; Kennard v. Louisiana, 2 Otto, 480. But the cases so hold only on the theory and ground that in the subsequent action all defenses are available. In Hawkins v. Glenn, 131 U. S. 319, Glenn v. Liggett, 135 U. S. 533, and Great Western Tel. Co. v. Purdy, 162 U. S. 329, the assessment was for unpaid subscriptions. Assessment on unpaid subscriptions is very different from assessment on statutory superadded liability. Minneapolis Baseball Co. v. City Bank, 66 Minn. 441, 444.

*Stiles W. Burr*, for respondent.

Except that the act of 1899 is more liberal to stockholders in respect to notice and hearing, the practice it prescribes is the same as that considered in the following cases, in each of which the same conclusions are reached in respect to the character, scope, and purpose of the inquiry preliminary to the assessment, and the nature, limitations, and effect of the order or decree of assessment, the extent to which it is conclusive, and the defenses which it leaves open to the stockholder. They are of various kinds: Assessments on stockholders on account of unpaid subscriptions: Sanger v. Upton, 91 U. S. 56; Hawkins v. Glenn, 131 U. S. 319; Glenn v. Liggett, 135 U. S. 533; Great Western Tel. Co. v. Purdy, 162 U. S. 329; Glenn v. Williams, 60 Md. 93; Vanderwerken v. Glenn, 85 Va. 9; Howard v. Glenn, 85 Ga. 238; Priest v. Glenn, 4 U. S. App. 478; Marson v. Deither, 49 Minn. 423; In re Minnehaha D. P. Assn., 53 Minn. 423. Assessments on members of mutual fire insurance companies, after insolvency: Langworthy v. Garding, 74 Minn. 325; Parker v. Stoughton, 91 Wis. 174; Mutual v. Phœnix, 108 Mich. 170. On national bank stockholders: Kennedy v. Gibson, 8 Wall. 498; Casey v. Galli, 94 U. S. 673; U. S. v. Knox, 102 U. S. 422; Bowden v. Johnson, 107 U. S. 251; Richmond v. Irons, 121 U. S. 27. On stockholders on account of statutory or constitutional liability: Howarth v. Lombard, 175 Mass. 570; Sheafe v. Larimer (C. C.) 79 Fed. 921; Howarth v. Ellwanger (C. C.) 86 Fed. 54; Cuykendall v. Miles (C. C.) 10 Fed. 342; Howarth v. Angle, 39 App. Div. (N. Y.) 151. The court need not make findings at all unless it chooses.

Wells v. Penfield, 70 Minn. 66; Sjoberg v. Security S. & L. Assn., 73 Minn. 203.

The stockholder has no constitutional right to notice or hearing on the inquiry preliminary to the assessment, since he is held to be a party and bound through representation by the corporation, of which the court has jurisdiction. He cannot complain because notice and hearing do not exactly resemble the notice and trial to which he is entitled in an ordinary action at law. Hawkins v. Glenn, supra; Sanger v. Upton, supra; Great Western Tel. Co. v. Purdy, supra; Langworthy v. Garding, supra; Hanson v. Davison, 73 Minn. 454; Sheafe v. Larimer, supra; Howarth v. Ellwanger, supra; Kennedy v. Gibson, supra. The proceedings in national bank cases constitute due process of law. Casey v. Galli, supra; U. S. v. Knox, supra; Bowden v. Johnson, supra; Richmond v. Irons, supra; Howarth v. Lombard, supra; Howarth v. Angle, supra; Sheafe v. Larimer, supra. See Holland v. Duluth Iron M. & D. Co., 65 Minn. 324; Hancock Nat. Bank v. Farnum, 176 U. S. 640.

There is no vested right to a particular remedy. The legislature may always alter the form of administering right and justice. Com. v. Commissioners, 6 Pick. 500; Hill v. Merchants' Mut. Ins. Co., 134 U. S. 515; Cooley, Const. Lim. 286, 293, 361; Bronson v. Kinzie, 1 How. 311; Curtis v. Whitney, 13 Wall. 68. See Story v. Furman, 25 N. Y. 214, 218; Citizens v. Deynoodt, 25 La. An. 628; Sparks v. Lower Payette, 2 Idaho, 1030; Mohr v. Minnesota Ele. Co., 40 Minn. 343; Petition of Penniman, 11 R. I. 333; Fourth Nat. Bank v. Francklyn, 120 U. S. 747; Cooley, Const. Lim. 284, 359, 374; Campbell v. Holt, 115 U. S. 620. Transferring the right of action from the individual creditor to the receiver has been held constitutional. Ueland v. Haugan, 70 Minn. 349; Anderson v. Seymour, 70 Minn. 358; Bank of Minnesota v. Anderson, 70 Minn. 414. The act is highly remedial in its nature, and is entitled to liberal construction. Nat. New Haven Bank v. N. W. Guaranty L. Co., 61 Minn. 375; Minneapolis Baseball Co. v. City Bank, supra.

COLLINS, J.

The principal question involved in this appeal is that of the constitutionality of Laws 1899, c. 272, entitled "An act to provide for the better enforcement of the liability of stockholders of corpora-

tions." Appellants contend that the course of procedure authorized by the act is without due process of law, and that as to stockholders who became such before its passage the act impairs the obligation of contracts.

The defendant corporation was declared insolvent in 1897, in proceedings instituted under G. S. 1894, c. 76, to sequestrate its assets; the petitioner, Robinson, being appointed receiver. Some of the shareholders were nonresidents, and in May, 1899, the receiver, having been unable to realize from the assets sufficient to pay the claims proven, filed his petition under and pursuant to said chapter 272 for an assessment of the stockholders. An order for hearing was made, which, by direction of the court, was personally served on the resident stockholders, and on the attorneys for the defendant corporation, and by publication upon the nonresidents. See section 2. Upon the hearing had pursuant to said order, the resident stockholders appeared, and objected, among other things, that the statute in question is unconstitutional, and that the court had no jurisdiction. The court received oral testimony subject to objection, as well as testimony by affidavit, and thereafter, without making findings of fact, filed its order, which was as follows, in so far as is now pertinent:

"That an assessment of seventy-five per cent. of the par value of each share of the capital stock of said defendant, to wit, the sum of seventy-five dollars ($75) on each share thereof, be, and the same is hereby, assessed upon and against each and every share of said capital stock, and upon and against the person or party liable as a stockholder of defendant for, upon, or on account of such shares of stock; and that each and every person or party liable as such stockholder of said defendant be, and he is hereby, directed to pay to Horace R. Robinson, receiver of said defendant, at his office in said city of Minneapolis and said state of Minnesota, within thirty days after the date of this order, the said sum of seventy-five dollars ($75) for and on account of each and every share of said stock for or upon which said person or party is liable as a stockholder of said defendant as aforesaid."

It is to be noticed that the trial court construed the act as authorizing it to assess a certain sum against each and every share of stock, and upon each and every person liable as a stockholder, the latter being directed to pay the sum stated on account of each share

so held to the receiver within thirty days from the date of the order. The court made no attempt to determine who were stockholders, or the number of shares held by any particular person, or the amount of liability which had been incurred by any individual. It did ascertain, under section 3, the probable indebtedness of the insolvent and expenses of the receivership, and the probable value of the assets available in payment; and also what parties were or might be liable as shareholders, and the nature and extent of this supposed liability.

From this examination of the condition of the corporate affairs, —which, at most, must be merely tentative on all of the questions investigated,—the court directed and levied the assessment mentioned in the order. And this levy and assessment is, under the provisions of section 5, declared to be conclusive upon and against all stockholders, present or absent at the hearing, having notice or without notice, resident or nonresident, as to all matters relating to the amount of, the propriety of, and the necessity for, said assessment, as well as for any subsequent assessment which may be levied. The amount of these assessments is to be collected (sections 4 and 6), if not voluntarily paid, in actions at law instituted by the receiver. Provision is made for further assessments if necessary. Sections 7 and 8. If the assessment proves more than the sum required, the surplus is to be returned to the stockholders who have paid. Section 11. Although the court inquires into the amount of the liabilities as well as to what will probably be realized out of the assets, its sole determination is that it is necessary and proper that an assessment of a given amount shall be levied against each share of stock. That, and that only, is the ultimate issuable fact to be found by the court.

The plain purport of sections 3 and 5 is that after an order of assessment has been duly made, and the receiver has sued an alleged stockholder to recover upon the assessment, the order cannot be attacked in that action upon the ground that the assessment was unnecessary or excessive, or upon the ground that the defendant was not actually a party to, or personally notified of, the hearing upon which the assessment was made. And, as before suggested, this was the construction given those sections by the court

below. If the scope and effect of the act, and particularly of those sections, are as urged by counsel for appellants, its constitutionality might well be doubted; for counsel urges that when the law says that the assessment, as to its amount, propriety, and necessity, shall be conclusive against all parties liable, whether appearing or represented, or having notice or not, it means that stockholders, whether parties or not, and whether served or not, are bound not only by the finding as to the indebtedness, but are concluded as to the portion thereof each is bound to pay, and are precluded from disputing their liability therefor, either by a denial that they are stockholders, or that they were stockholders when the debts were contracted, or that they own the amount of stock for which they were assessed, or from setting up any conceivable defense. There is nothing left to litigate, asserts counsel. But we do not give the statute this effect. Counsel misconstrues it, his premises are wrong, and hence his conclusion is untenable. The proceeding is not materially different from that authorized by the national banking act, except that under the latter the assessment is made by the comptroller of currency, while here the assessment is by the court in insolvency proceedings. Chapter 272 is really a supplementary practice act, formulated after the practice followed in this state for the collection of unpaid stock subscriptions when insolvency has ensued. See In re Minnehaha D. P. Assn., 53 Minn. 423, 55 N. W. 598.

The absolute necessity of an adequate and speedy method for the ascertainment and collection of a sum sufficient to meet and liquidate any deficiency in corporate assets is commented upon in Kennedy v. Gibson, 8 Wall. 498, and is quite apparent. That was a case in which was decided the right of the comptroller to proceed at will as against all shareholders in a national banking association, and by an ex parte proceeding, no notice of any description being required, to determine the amount necessary to be assessed; his decision, not only as to necessity, but as to the amount of the assessment, to be incontrovertible. The doctrine of this case has been affirmed several times in the supreme court of the United States in like cases, and it has been applied in cases involving assessments made by the courts upon stockholders on account of un-

paid subscriptions for stock shares. Among the latter we find Sanger v. Upton, 91 U. S. 56; Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739; and Great Western Tel. Co. v. Purdy, 162 U. S. 329, 16 Sup. Ct. 810. See also Marson v. Deither, 49 Minn. 423, 52 N. W. 38. And in Langworthy v. Garding, 74 Minn. 325, 77 N. W. 207 (one of the Mutual Insurance cases), an action at law in this state by the receiver of an insolvent mutual insurance company to recover upon an order or decree of an Illinois court, made in the course of a proceeding to wind up the corporation, directing an assessment of a specified percentage of the amount unpaid on its premium notes, this court (at page 331) used language found in the federal cases, saying:

"It appears that the court making the decree had jurisdiction of the subject-matter and of the corporation, and did therein and thereby levy an assessment of 65 per cent. on all policy holders whose notes remained unpaid, and among them this defendant. He was a member of the corporation, and was so far an integral part of it that, in view of the law, he was privy to the proceedings touching the corporation of which he was such member.

"It was no more essential that all of the members should have been brought into the proceedings when the order of assessment was made than it was when the decree declaring the company insolvent and appointing a receiver was entered. The members of such corporations, like the shareholders in stock corporations, are parties to the proceedings through representation by the corporation itself. The assessment was, * * * until directly attacked and set aside by appropriate judicial proceedings, conclusive evidence of the necessity for making such an assessment, and to that extent bound each of the members without personal notice to him."

And this court is not alone in the application of this doctrine in actions brought by receivers to recover on premium notes given to mutual insurance companies. See Parker v. Stoughton, 91 Wis. 174, 64 N. W. 751; Mutual v. Phœnix, 108 Mich. 170, 66 N. W. 1095, found with an instructive note in 34 L. R. A. 694; also Warner v. Delbridge, 110 Mich. 590, 68 N. W. 283.

There can be no difference, in principle, in respect to the question now under consideration, between an action to recover on premium notes, when insolvency of the company has made an assessment on the members necessary, and an action to enforce a stockholder's liability, constitutional or statutory; and it has al-

ready been said by this court in Hanson v. Davison, 73 Minn. 454, 462, 76 N. W. 254, an action of the nature last mentioned, that "in principle, there can be no difference in this respect between an action to enforce an unpaid subscription and one to enforce a stockholder's liability." Incidentally the question was referred to in Holland v. Duluth Iron M. & D. Co., 65 Minn. 324, 68 N. W. 50.

If, construing the law of 1899 as we do, the question has not heretofore been settled by this court, there is an abundance of authorities elsewhere upon the exact point. The rule is laid down in 3 Thompson, Corp. § 3499, and it has been elaborated in the very recent case of Howarth v. Lombard, 175 Mass. 570, 56 N. E. 888. This was an action (in which the insolvency proceedings against a domestic corporation were had in the state of Washington) brought by the receiver, appointed in Washington, against a stockholder residing in Massachusetts, to enforce the double liability. Said the court:

"It is plain that no action can be maintained against a stockholder until after proceedings in a court of Washington, showing the insolvency of the corporation, and the need of payment to satisfy the claims of creditors. After such proceedings, and an adjustment of the rights and liabilities of the corporation, of creditors, and of stockholders, collection can be made from stockholders wherever they are found."

Then, stating what had been judicially determined in Washington as to the necessity of an assessment and the amount thereof, the court continued: "The court of Washington, acting under its general authority in such administration, is the only tribunal which has jurisdiction to determine the amounts due creditors, and to collect and apply the assets of the corporation. The undertaking of the stockholders relates directly to the payment of amounts so to be ascertained. The ascertainment is like a common case of a judgment against a corporation which is binding on stockholders. The members of such corporations, as well as the corporations themselves, are within the jurisdiction of the local court so far as is necessary for the determination of the rights and liabilities of the corporation and its members among themselves. In reference to this kind of liability such decisions and orders are binding on stockholders who are not before the court otherwise than by virtue of their membership in the corporation,"—citing a large number of cases, some of which we have hereinbefore referred to, including Marson v. Deither, supra.

And, further: "We can see no difference in principle between the

secondary liability and the primary liability referred to in the" opinion in Wilson v. Book, 13 Wash. 676. "Each grows out of the same statute and the same undertaking. Each is founded on an implied promise made in pursuance of the requirements of the statute. In reference to each, the subscriber for stock contemplates the same kind of proceedings, and a collection by the same officer, who represents not only such assets as the corporation has for all purposes, but the right to a special fund."

To the same effect are the cases of Hamilton v. Glenn, 85 Va. 901, 9 S. E. 129; Glenn v. Williams, 60 Md. 93; Sheafe v. Larimer (C. C.) 79 Fed. 921; Howarth v. Ellwanger (C. C.) 86 Fed. 54; Howarth v. Angle, 39 App. Div. (N. Y.) 151, affirmed in court of appeals in 162 N. Y. 179, 56 N. E. 489. And, in an action on a liability identical with that which this receiver is attempting to enforce, the supreme court of the United States has very recently indorsed and applied the same doctrine. Hancock Nat. Bank v. Farnum, 176 U. S. 640, 20 Sup. Ct. 506.

But, as we have heretofore intimated, the stockholders are not concluded in all respects by the determination of the court, nor is that the fair meaning of chapter 272, § 5. A person sued as a shareholder may show, if he can, that he is not a shareholder at all, or that he is not the holder of so large an amount of stock as is alleged, or that he has discharged his liability, or that he has a claim against the corporation which he may, in law or equity, set off against the claim or judgment in assessment, or he may make any other defense which is personal to himself. The order of assessment is, under section 5, conclusive upon all of the stockholders, so far as it decides the amount of assets and liabilities of the corporation before the court, and is conclusive as to the necessity of making an assessment to the extent and in the amount ordered. All of the cases last cited sustain the proposition that as a member of the insolvent corporation the shareholder is bound by the decision of the court of the state where it was organized, made in administering upon its affairs in an insolvency proceeding, and when determining the amount of its assets and liabilities and the amount of the assessment to be made upon the stockholders, and that collection of the amount can be enforced whenever such stockholder is found.

There is no merit in the claim of counsel that the statute of 1899

impairs the obligation of a contract because, as to stockholders who became such prior to its passage, it makes a radical and unwarranted change from the former practice of an action in equity to enforce the shareholder's double liability. The power of the legislature to modify or change a remedy, provided no substantial right is impaired, cannot be questioned. And there is no such thing as a vested right to a particular remedy. The legislature may always alter the form of administering right and justice. No substantial right is affected by the law in question, for in no manner does it increase the liability of the stockholder. It may afford a new remedy,—a different course of procedure,—but this fact does not make it obnoxious to the fundamental law which forbids the impairment of contracts. As was said in Com. v. President, 3 Allen, 42, 44, in which was involved a provision in a statute authorizing receivers of insolvent banking corporations to "levy a ratable assessment upon the stockholders for an amount in their opinion sufficient to make up the probable deficiency" in the assets of the insolvent, much like one of the provisions of chapter 272:

"The previous remedy was a bill in equity by the billholders, or some one of them in behalf of himself and all the billholders. The substitute, or cumulative remedy, given by St. 1860, c. 167, is a proceeding by an assessment directly made upon the stockholders by the receivers of the bank, under the approval of this court. * * * Such assessments are by the statute to be made ratably upon all of the stockholders liable therefor. * * * It will at once be perceived that no objection to a change of remedy can be successfully urged on account of its being more speedy and effectual. That objection might be urged as to all changes in the forms of proceeding or the organization of the legal tribunals to act thereon. Every statute extending the equity powers of this court would be obnoxious to objections of this character. The objection, to be tenable, must go beyond this, and show that the statute increased the actual liabilities of the stockholders, and was something more than a change in the mode of enforcing a pre-existing liability. * * * The proceedings under the late statute may require the action of the court upon an estimated value of such assets, rather than an absolute ascertainment of the amount; but the principle to be applied is the same, varying only in the mode of arriving at the result as to the deficiency chargeable upon the stockholders." See also Merchants v. Hill, 12 Mo. App. 148, affirmed in 86 Mo. 466, 472, again affirmed in Hill v. Merchants' Mut. Ins. Co., 134 U. S. 515, 10 Sup. Ct. 589;

Smith v. Bryan, 34 Ill. 364; Willis v. Mabon, 48 Minn. 140, 50 N. W. 1110.

Nor is a substantial right affected because there may be equities and different liabilities as between the stockholders themselves, and as between stockholders and creditors, which must be recognized, and cannot be cut off or abridged. These equities and liabilities among the stockholders, or between the latter and creditors, are the subject of inquiry and determination in the original action or proceedings, and there the stockholders may be heard. See Hanson v. Davison, supra.

The further point is made that under section 3 the court is authorized to hear and determine the application for an assessment upon proofs by affidavits, thus depriving the stockholders of an opportunity to have the case determined by the rules of evidence, with the right of cross-examination. The provision is that at the hearing the court shall consider such proofs by affidavits or otherwise, as may there be offered. This provision does not compel the court to receive anything but competent evidence, and does not deprive an interested party of any rights which he may have to insist that proper and sufficient proof be made as to the matters involved. It is hardly necessary to say that no person has a vested right to have his controversies determined by existing rules of evidence. The legislature may modify and control such rules, and may apply new rules to pending causes of action, provided it does not preclude or deprive a party of presenting his proof and exhibiting his rights. Burke v. Lacock, 41 Minn. 250, 42 N. W. 1016.

Findings of fact upon which to base the order of assessment were unnecessary. They would have served no valuable purpose, and the court was right when denying appellants' application for such findings.

Order affirmed.