## JOHN P. GALBRAITH v. P. F. McDONALD.[1]

October 24, 1913.

Nos. 18,246—(104).

**Promissory note — defense — nondelivery of stock certificate.**

1. In a suit on a promissory note, given and accepted in payment of one share of stock in the payee corporation, a defense is not made out merely by a plea and proof that no share certificate had been delivered or tendered to the purchaser of the share.

**Failure of consideration.**

2. Subsequent bankruptcy of the corporation does not establish failure of consideration of the note so given.

Action in the district court for Washington county by the trustee in bankruptcy of the Washington County Co-operative Co. to recover $100 upon a promissory note made by defendant in favor of the bankrupt company. The answer alleged the execution of the note in payment for one share of stock in the company, but that neither plaintiff nor the Co-operative Co., prior to the commencement of the action, either tendered to or offered to deliver to defendant the share of stock purchased by him. The case was tried before Stolberg, J., who denied defendant's motion to dismiss the action, made findings, and ordered judgment in favor of plaintiff.

1 Reported in 143 N. W. 353.

From the order denying defendant's motion for a new trial, he appealed. Affirmed.

*J. C. Nethaway,* for appellant.

*Wilson & Thoreen,* for respondent

HOLT, J.

The only question presented by the appeal is the right to recover upon a promissory note given to a corporation for a share of its stock when the only defense is a failure to deliver or tender a share certificate.

The record discloses that the first meeting of the stockholders of the Washington County Co-operative Company, a corporation, was held in March, 1909. The corporation was organized to carry on a mercantile business at Stillwater. To promote the business the plan was to obtain patrons for the store by inducing farmers and others who lived within trading distance to become shareholders in the corporation. The defendant alleges that he was solicited to subscribe by a duly-authorized representative of the corporation and pursuant to such solicitation, he on June 24, 1909, bought one share and gave in payment the note in suit. The note was subsequently pledged but is now in the hands of the plaintiff as trustee in bankruptcy of the corporation. The defendant alleged that the note was executed upon the agreement that a share certificate should be delivered concurrently with delivery of the note, but no attempt was made to prove such a contract. The court found upon the uncontradicted testimony of defendant that he bought one share of stock in the corporation for which he gave the note in suit for $100, payable to the order of the corporation within one year from date, and at the same time he received a receipt so stating. It was also found that no certificate for the share so bought was issued by the corporation to defendant. Judgment was ordered for plaintiff. Defendant appeals.

Plaintiff contends that the transaction between defendant and the corporation amounted to a subscription to a share of stock; and defendant, that it was a contract of sale. There is no statute prescribing the mode in which a person may become a shareholder in

123 M.—14.

a corporation. Previous to organization it is necessarily through subscription to shares of stock to be issued; after incorporation it may also be by subscription, or by purchase from the corporation direct or from other owners of its stock. It might well be claimed that the transaction here under consideration was a subscription. Defendant alleged that his subscription was solicited. He gave the note and obtained the receipt showing him entitled to one share. A promissory note embodying a statement that stock of a corporation is to be issued to the maker, has been held to be a subscription contract. Goshen Turnpike Co. v. Hurtin, 9 Johns, 217, 6 Am. Dec. 273, and Wemple v. St. Louis, J. & S. R. Co. 120 Ill. 196, 11 N. E. 906. In the latter case it is said: "The rule is, when no formalities are prescribed, any agreement by which a person shows an intention to become a shareholder upon the terms set forth in the company's charter, is sufficient to constitute a contract of subscription." If a subscription, then it is settled by Columbia Ele. Co. v. Dixon, 46 Minn. 463, 49 N. W. 244, and Marson v. Deither, 49 Minn. 423, 52 N. W. 38, that the fact that a certificate has not been delivered or tendered is no defense to a suit on the subscription.

But, even if defendant was not a subscriber to the share of stock, we think his testimony and the findings make it clear that as between him and the corporation he became a shareholder therein by the transaction. Defendant claims he bought one share of stock for which the corporation accepted his note in payment. It was not necessary that a certificate be issued. That is a mere indicia of title to the share. Randall Printing Co. v. Sanitas Mineral Water Co. 120 Minn. 268, 139 N. W. 606, 43 L.R.A.(N.S.) 706; Marson v. Deither, supra. The defendant did not insist on a certificate; at the time of the transaction, nothing was said as to when it should issue. Having thus left this matter in abeyance, he must at least make a demand for it before he can place the other party in default, or else he must show that a demand would have availed nothing. Plaintiff is not suing upon a contract of sale and purchase. If defendant instead of giving his note had paid cash and obtained the receipt he did obtain, could he possibly have any standing in court.

to recover back the money so paid by simply proving that he had paid it for a share of the stock, but no certificate had ever been delivered or tendered to him? We think not. He would at least be under the necessity of proving a demand. He neither pleads nor proves any demand nor any excuse for failing so to do in this case. Text-books and decisions assert that there is distinction to be noted between sales of corporate stock and subscriptions thereto. That is undoubtedly true in respect to executory contracts of sale. But where an actual sale has been made and the title to the stock has passed, we fail to see any distinction between persons who are subscribers to stock and those who have actually bought it of the corporation. Both at some time become entitled to a certificate upon demand, both are entitled to dividends and both must bear risks as shareholders. Cases like Clark v. Continental Imp. Co. 57 Ind. 135; Nichols v. Reid, 109 Cal. 630, 42 Pac. 298; Bartlett v. Scott, 55 Neb. 477, 75 N. W. 1102, and others which might be cited, are not applicable, because according to the terms of the contracts involved payment was to be made upon delivery of the certificates. Craig Silver Co. v. Smith, 163 Mass. 262, 39 N. E. 1116, turned on the point that the certificates tendered were not the ones called for by the contract.

It has been suggested that there is a failure of consideration because it appears that the corporation is now bankrupt. Of course if the rights of a shareholder passed to defendant by his purchase there was a consideration at the time. The mere fact that the value of this right may since have dwindled away does not constitute a defense to the note. The cases of Clark v. Turner, 73 Ga. 1, and Leigh v. Chattanooga R. & C. Ry. Co. 104 Ga. 13, 30 S. E. 381, are not applicable, for it there appeared that no certificate could be issued because no more stock remained. There is no evidence to support the allegations in the answer that the certificate cannot now be delivered, or that the share has now no value.

Order affirmed.


BROWN, C. J. (dissenting).
I am unable to concur in the decision rendered in this case. There.

are two possible theories upon which plaintiff might prevail, neither of which in my opinion is tenable under the facts presented in the record: (1) Upon the theory that the promissory note is an enforcible obligation, notwithstanding the fact that the consideration therefor, the stock of the corporation, has never been issued or tendered to defendant, and cannot now be issued, the corporation being in the hands of a trustee in bankruptcy; and (2) under the doctrine of estoppel in the interests of creditors. It seems clear to me that plaintiff cannot, on the record before us, prevail upon either ground.

1. The note was given for a certificate of stock in the corporation. No certificate of stock was ever issued or tendered to defendant, and the record is wholly silent upon the question when it was to be issued. Defendant testified that he agreed with an agent of the corporation to purchase the stock if the company would give him a year in which to make payment. The agent granted the time, and the execution of the note followed. Nothing being said or agreed upon as to when the stock should be issued, the presumption necessarily arises that it was to be issued when the note became due and was paid. In this situation the payment and issue of the stock were dependent and concurrent acts. Defendant could not insist upon a delivery of the stock without payment of the note, nor could the corporation insist upon payment without issuing and tendering the stock. St. Paul, S. & T. F. R. Co. v. Robbins, 23 Minn. 439; Walter A. Wood Harvester Co. v. Jefferson, 57 Minn. 456, 59 N. W. 532. The case comes within the general rule that in all contracts to be performed in the future in which the acts of the parties in performance are dependent and concurrent, neither can seek affirmative relief without first tendering performance on his part. 38 Cyc. 132, and authorities there cited. That this contract was executory, and to be completed when the note was paid and stock issued seems quite clear. The corporation, through the trustee, is seeking affirmative relief without tendering performance, and this under the rule stated cannot be done. The plaintiff trustee in bankruptcy is in no better position than the corporation would have been had it brought the action. Defendant asks no affirmative relief; he pleads defensive

matters only. It was not incumbent upon him to demand the stock in order to render his defense available. Affirmative action looking to the completion of the contract rested upon the corporation, for it could not insist upon payment without tendering the stock. Plaintiff must therefore fail on this theory of the case. The Robbins and Jefferson cases above cited are in harmony with the rule laid down by text writers and almost universally followed by the courts. 3 Notes to Minn. Cases, 1164; note by Judge Freeman in 93 Am. St. 352 and 386.

2. Nor can recovery be had upon the doctrine of estoppel. The action is brought by the trustee in bankruptcy of the defunct corporation, and in the interests of creditors of the concern. The record presents no case of estoppel. It is wholly silent upon the question whether the defendant was ever recorded in the books of the corporation as a stockholder or a subscriber for stock. Nor does it appear that defendant ever in any way participated in the affairs of the company, or that the creditors dealt with the company in reliance upon his supposed connection therewith. Defendant by the transaction of purchase did not at that time become a stockholder as a matter of law. The contract being executory no rights or liabilities arose until the note was paid or the stock issued. St. Paul, S. & T. F. R. Co. v. Robbins, and Walter A. Wood Harvester Co. v. Jefferson, supra. The corporation was a going concern at the time of the transaction and the rules of law applicable to subscription contracts, made to aid in the formation of the corporation, do not apply. 93 Am. St. 352 and 386.