<hr />

## THOMAS SKLUZACEK v. JOHN L. FOSSUM.[1]

January 25, 1918.

No. 20,719.

**Promissory note — consideration.**

Defendant became a member of a co-operative company, subscribed for one share of stock and gave his note in payment for his share. Dividends on the stock were applied on the note. The trustee in bankruptcy of the company sold the note for value to plaintiff, who sued on it. Defendant set up he had never received the certificate of stock nor any consideration for the note. *Held*: There was a valid consideration for the note. [Reporter.]

Action in the district court for Rice county to recover $94.42 upon a promissory note. The case was tried before Childress, J., who at the close of the testimony denied motions for directed verdicts, and a jury which

[1]Reported in 166 N. W. 124.

returned a verdict for defendant. Plaintiff's motion for judgment notwithstanding the verdict was granted. From the order granting the motion, defendant appealed. Affirmed.

*Jay W. Crane,* for appellant.

*James E. Trask,* for respondent.

PER CURIAM.

Action upon a promissory note. Upon motion the trial court set aside the verdict and ordered judgment for the plaintiff. From an order denying his motion for judgment or a new trial defendant appealed.

In August, 1907, the Le Sueur County Co-operative Company was being organized. On the eighth day of that month the defendant, in company with a large number of other persons, subscribed for and agreed to take one share of stock each, of the face value of $100, in the proposed corporation. The organization of the company was completed during that month.

Defendant testified that he paid his membership fee of $5; that he supposed he was a member of the company; that he gave the note in question in payment for the share of stock for which he had subscribed; that he had never paid the same; that no certificate of stock had ever been issued to him therefor, and that the dividends were applied on his note.

After completing its organization, the company bought and took over a stock of merchandise from one J. M. Drozda, at Lonsdale. Drozda became its manager and conducted the business until June, 1911, when a trustee in bankruptcy took possession of its affairs, closed out the business and applied the proceeds thereof in payment of its debts. In closing up the affairs of the company the trustee sold the note in question to the plaintiff for a valuable consideration. In his answer the defendant admitted the giving of the note, but alleged that he had received no consideration therefor, that no certificate of stock was ever issued to him, and that the company is insolvent. There is no controversy about the facts. There was a valid consideration for the note. The issuance of a certificate of stock was unnecessary, the corporation had accepted and acted upon the defendant's subscription, and had paid dividends on the stock. Marson v. Deither, 49 Minn. 423, 52 N. W. 38.

Affirmed.