CHARLES CHANDLER, Appellant, v. THE NORTHERN CROSS RAILROAD COMPANY, Appellee.

APPEAL FROM McDONOUGH.

Where the charter of a company does not require it, a certificate of stock need not be given to a subscriber to enable the company to recover a subscription to stock.

A company may make such by-laws regulating stock, and the manner of voting upon it, as are consistent with its charter.

THIS was an action of assumpsit by defendant against plaintiff, in the McDonough Circuit Court, upon a subscription to the stock of said company, for $2,000, for twenty shares, on two acts of subscription of ten shares each. The declaration contains three counts; the first two counts each on one subscription, of ten shares; the third count for subscription money and amount stated. The first two counts are identical, and allege, first, a subscription, by plaintiff, to the following instrument:

SUBSCRIPTION BOOK, 1852, 1853, for the capital stock of the Northern Cross Railroad Company, incorporated by an act of the legislature of the State of Illinois, entitled "An Act to incorporate the Northern Cross Railroad Company," approved February 10, 1849.

We, whose names are hereunto affixed, do hereby subscribe the number of shares in the capital stock of the Northern Cross Railroad Company, which are set opposite to our respective names, of one hundred dollars to each share, for the purpose of completing that portion of the Northern Cross Railroad from Quincy to Clayton, in Adams county, now in the course of construction; and, also, for the purpose of constructing and completing the Lateral Branch road of said Northern Cross Railroad, from the intersection thereof with the Northern Cross Railroad, in said Adams county, to Galesburg, in Knox county, as the said branch road may be located by the board of directors of said company, under the authority of an act of the legislature, approved the 1st day of February, 1851, entitled "An act supplemental to an act entitled an act to incorporate the Northern Cross Railroad Company," approved February 10th, 1849; and a certain other act of the legislature, entitled "An act to amend the first section of an act supplemental to an act to incorporate the Northern Cross Railroad Company, and to increase the number of directors of said company," approved June 21st, 1852.

And we do, for ourselves, our executors, administrators and assigns, undertake and promise the said Northern Cross Railroad Company that we will severally pay the Northern Cross Railroad Company the sum of one hundred dollars for every share in the capital stock of the said company, by us so respectively subscribed and set opposite our respective names, in such manner and proportion, not exceeding five per cent. per month, and at such time and place as may be directed by the board of directors of said company.

December 11, 1852.

That plaintiff subscribed ten shares; that by such subscription plaintiff became entitled to ten shares of stock, and liable to pay one hundred dollars, in such manner and proportion as the directors should direct, not exceeding five per cent. per month.

That the directors assessed the shares in installments of five per cent., and notified to the stockholders, by publication thereof, when and where the same should be paid.

Breach, non-payment of subscription.

Three counts, common money counts, and for forbearance and for subscription.

The defendant then filed eighteen pleas. First two to declaration, the others to first two counts.

1st. No such corporation.

2d. Non-assumpsit.

3d. That plaintiff did not pay five per cent., or any sum. By the charter he would not become a stockholder without paying five per cent. on stock.

4th. Did not pay five per cent.; by the charter and by-laws could not become a stockholder without paying five per cent.

5th. Did not pay five per cent.; by the by-laws could not become a stockholder and entitled to vote, unless he paid five per cent.

6th. By-laws prohibited plaintiff from voting or exercising right as a stockholder.

7th. Did not deliver to plaintiff any certificate of stock.

8th. Was not a stockholder; is not entitled to any share of stock.

9th. Did not lawfully assess said shares of stock.

10th. Did not make publication of notice to pay installments, as alleged.

11th. Subscription was not made in compliance with any of the laws in the declaration mentioned.

12th. No good or valuable consideration for subscription.

13th. Defendant conveyed all the property of said railroad company away, without the assent of plaintiff, whereby the stock has become worthless, and the consideration wholly failed.

14th. Did not pay five per cent. That by the by-laws and charter, plaintiff would not become a stockholder unless he paid five per cent.

15th. By the by-laws would not become a stockholder, or entitled to any share of stock, or entitled to vote as a stockholder, without having paid five per cent.

16th. Did not pay five per cent. By charter and by-laws no person could become a stockholder, or entitled to vote, or entitled to certificate of stock, without having paid five per

cent. Plaintiff has never, in any way, acted as a stockholder in company.

17th. Did not pay five per cent. By charter and by-laws no one could become a stockholder, or entitled to a certificate, without paying five per cent.; that plaintiff never acted as a stockholder; that defendants conveyed away all the property of company, without the consent of plaintiff, whereby stock became worthless. Consideration has wholly failed.

18th. Did not pay five per cent. By charter and by-laws no one could become a stockholder, or entitled to certificate of stock, without payment of five per cent.; that plaintiff has never acted as a stockholder; that defendant conveyed the property of company by deed, duly recorded, without the consent of plaintiff, whereby the stock became worthless, and the consideration wholly failed.

The defendant took issue on pleas four, five, twelve, fifteen, and demurred to pleas one, three, six, seven, eight, eleven, thirteen, seventeen and eighteen. The court overruled demurrer to pleas nine and ten, and sustained the same to the others. Defendant replied to pleas nine, ten, and issue thereon. Plaintiff abided by pleas one, three, six, seven, eight, eleven, thirteen, seventeen and eighteen.

Upon the trial defendant in error proved : The incorporation and organization of the company, as alleged; that the shares were assessed and publication made, as alleged; that defendant made the subscription, as alleged. The plaintiff then read, in evidence, the following by-law of the company, passed December 5, 1853 :

" The annual election for directors shall be held at the office of the company, etc.

"Every stockholder shall be entitled to one vote, in person or by proxy, for each share of stock he, she or they may hold *bona fide* in the company; but no subscriber to the capital stock shall be considered a *bona fide* stockholder, or be entitled to vote, who has not paid or secured the payment of the first installment due on his stock."

Plaintiff proved that the above by-law had been in force since its passage.

The jury returned into court a verdict of two thousand dollars against appellant. Appellant entered a motion for a new trial.

The court overruled motion, and rendered judgment. Defendant appealed.

Errors assigned :

1st. Sustaining defendant's demurrer to plaintiff's pleas one, three, six, seven, eight, eleven, thirteen, fourteen, fifteen,

seventeen, eighteen, and each of them, and not sustaining said demurrer to the first and second counts in the declaration.

2d. In giving to the jury instructions one, two and three, and each of them.

3d.   Overruling motion for new trial.

J. S. BAILEY and J. GRIMSHAW, for Appellant.

O. H. BROWNING, for Appellee.

SKINNER, J.   This was an action of assumpsit, to recover the amount of certain subscriptions of the defendant below, to the capital stock of the Northern Cross Railroad Company.

The first two counts of the declaration are special upon the contract of subscription, and the others are *indebitatus* counts for subscription moneys due, and so forth.

The defendant pleaded the general issue, and sixteen special pleas, to eleven of which the court sustained demurrers, and issues were joined upon the other pleas.

The pleas to which the court sustained demurrers, without entering into a labored investigation of them, we hold defective, either in form or substance ; and to the counts of the declaration we can see no substantial defect.

The charter of the company, under which the subscriptions were made, does not require the payment of five per cent., or any other amount of subscriptions, at the time they are made. The subscriptions were, therefore, valid, without payment of the first installment.

It is not necessary to the validity of the subscriptions, that the company should have delivered to the defendant certificates of stock; and it is not alleged that they have refused to do so upon demand.   The pleas alleging that the defendant was never a stockholder in the company, if good in substance, amount to the general issue, and were reached by the special demurrer interposed to them.

The company are authorized, by their charter, to mortgage, pledge, or convey by deed of trust, the corporate property, to raise money to carry out their enterprise ; and the defendant cannot avoid his subscriptions because the company have done what they were empowered to do by the law under which the subscriptions were made.   Nor is it any defense to the action, that after the subscriptions, the board of directors adopted a by-law requiring payment of the first installment on stock, to entitle the stockholder to vote at corporation elections.

At most, it is but a regulation of the corporation, which it is not alleged they have enforced by refusing to permit the

13

defendant to vote; and, if an excess of power, he has other remedies for redress, or against its enforcement.

These questions dispose of the pleas to which demurrers were sustained.

The instructions are no part of the bill of exceptions, and, therefore, are not considered; and the evidence is sufficient to sustain the verdict.

*Judgment affirmed.*