F. H. WEMPLE *et al.*

*v.*

ST. LOUIS, JERSEYVILLE AND SPRINGFIELD RAILROAD COMPANY.

*Filed at Springfield March 23, 1887.*

CONTRACT OF SUBSCRIPTION *to stock, as distinguished from a purchase of shares—and when a right of action accrues.* A party gave his promissory note to a railway company for $500, payable on January 1, 1882, with interest, containing a condition that if a certain line of railroad should be constructed so that cars might be run between certain points on or before January 1, 1882, it should be paid, and five shares of the capital stock of the company should be issued to the maker, otherwise the note should be void: *Held,* that this was only a contract of subscription to the capital stock of the company, and not one for the purchase of shares, and that a tender of the stock was not a condition precedent to a right of action on the note.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for the appellants :

The contract to pay the money, and the contract to deliver the shares of stock, are mutual and dependent undertakings, to be performed at one and the same time. *Tipton* v. *Feltner,* 20 N. Y. 423 ; *Withers* v. *Reynolds,* 2 Barn. & Adol. 882.

Wemple Bros. were not in default till the railroad company had offered to perform in apt time. *Baird* v. *Evans,* 20 Ill. 29 ; *Bishop* v. *Norton,* id. 175.

If no time is fixed for payment for an article purchased, it is payable on delivery of the article sold. *Bank of Columbia* v. *Hagner,* 1 Pet. 665.

At. law, a party must perform upon the day fixed by the special agreement, or the other party may elect to treat the contract as at an end. *Tyler* v. *Young,* 2 Scam. 444 ; *Morgan* v. *Herrick,* 21 Ill. 495 ; *Steel* v. *Riggs,* 22 id. 654 ; *Conway* v. *Case,* 22 id. 275 ; *Smith* v. *Newton,* 28 id. 235 ; *Bank*

*of Columbia* v. *Hagner,* 1 Pet. 665 ; *Papin* v. *Goodrich,* 103 Ill.
86 ; *Howe* v. *Hutchison,* 105 id. 501.

Messrs. BROWN & KIRBY, for the appellee :

. The contracts executed by Wemple Bros. were not execu-
tory contracts to purchase and pay for stocks to be delivered
on a day fixed.   They were subscriptions to aid in building
the road. *People* v. *Barnett,* 91 Ill. 433 ; *Railway Co.* v. *Black,*
79 id. 262 ; *Stowell* v. *Stowell,* 45 Mich. 864 ; *Hays* v. *Rail-
way Co.* 61 id. 422.

The contracts being but subscriptions to the capital stock,
to aid in building the road, it was not necessary to a recov-
ery that the certificates should be tendered on any particular
day.   1 Rorer on Railroads, 103, 104 ; *Chandler* v. *Railroad
Co.* 18 Ill. 190 ; *Railway Co.* v. *Barnett,* 85 id. 313.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

Two questions are presented upon this record for our de-
cision :  First, does the instrument on which suit is brought,
require that the certificates of five shares in the capital stock
of the railroad company shall be issued and tendered to the
appellants on the 1st day of January, A. D. 1882? second,
was it in compliance with the agreement expressed in .the
condition in that instrument, that the railroad was so con-
structed that cars could be and were safely run over its track,
upon the line, and within the time prescribed, as the court
instructed the jury?

*First*—The instrument reads as follows :

"$500.                    WAVERLY, ILL., *January 12, 1881.*

"On the 1st day of January, 1882, I promise to pay to the·
order of the St. Louis, Jerseyville and Springfield Railroad
Company the sum of $500, with interest from maturity, at
the rate of eight per cent per annum, payable at the office of
Wemple Brothers, Waverly, Illinois.   The condition of this

note is such, that, whereas, the St. Louis, Jerseyville and Springfield Railroad Company, duly incorporated according to the laws of the State of Illinois, agrees to construct, or cause to be constructed, a railroad from a point on the Mississippi river at or near Grafton, or Jersey Landing, in Jersey county, Illinois, *via* Jerseyville, to or near Medora, to or near Chesterfield, to or near Palmyra, all in Macoupin county, Illinois, and to or near Waverly, in Morgan county, Illinois, thence to Springfield, Illinois, or with a railroad connection with Springfield, Illinois. Now, if said railroad shall be so constructed that cars may be run over the same, between the points named above, on or before the 1st day of January, A. D. 1882, then this note shall be well and truly paid, and five shares of the capital stock of said railroad, amounting to the sum of $500, shall be issued to the maker hereof, otherwise this note to be null and void. Unless said railroad shall be built within a half mile of the centre of the public square, in the city of Waverly, this note to be absolutely null and void.

WEMPLE BROTHERS."

It will be observed the first undertaking is an unqualified promise by appellants to pay to the order of appellee, $500 on the 1st day of January, A. D. 1882, with interest, etc.; but after this comes the condition,—that is, the agreement that they shall not be obliged to perform this promise unless appellee shall perform the second undertaking, which is, to construct or cause to be constructed a railroad, etc., "so that cars may be run over the same, between the points named above, on or before the 1st day of January, A. D. 1882." And if this shall be done, it is expressly said, the "note shall be well and truly paid,"—the liability will then be absolute; and it is afterwards added, "and five shares of the capital stock of said railroad, amounting to the sum of $500, shall be issued to the maker hereof." This can, in our opinion, in the connection that it occurs, only mean that the stock shall issue after payment is made. The limitation of time

plainly applies only to the construction of the railroad. When it was constructed on the line, and within the time stipulated, the condition, which alone prevented the undertaking from being absolute, was discharged, and the instrument then, in legal contemplation, was to be read with the condition eliminated, as thus: "On the 1st day of January, A. D. 1882, I promise to pay to the order of the St. Louis, Jerseyville and Springfield Railroad Company the sum of $500, with interest after maturity, at the rate of eight per cent per annum, payable at the office of Wemple Brothers, Waverly, Illinois; and five shares of the capital stock of said railroad, amounting to the sum of $500, shall be issued to the maker hereof."

The contract is a subscription to the capital stock, and not a purchase of shares. (*Ottawa, Oswego and Fox River Valley Railroad Co.* v. *Black,* 79 Ill. 262; *Wellensburg* v. *West N. P. Railroad Co.* 12 Md. 476.) And see, also, *P. D. and Co. of G. and M. T. Co.* v. *Hurtin,* 9 Johns. 217. The rule is, where no formalities are prescribed, any agreement by which a person shows an intention to become a shareholder upon the terms set forth in the company's charter, is sufficient to constitute a contract of subscription. (Morawetz on Private Corp. sec. 269.) Payment of the subscription makes the subscriber a stockholder. The certificates of the shares are but the evidence of the fact. 1 Rorer on Railroads, 103; Morawetz on Private Corp. sec. 258; Angell & Ames on Corp. (5th ed.) sec. 565; *Chandler* v. *Northern Cross Railroad Co.* 18 Ill. 190; *N. and S. Railroad Co.* v. *McCormick,* 10 Ind. 499; *Miller* v. *Gravel Road Co.* 52 id. 57. And no tender of the certificates of shares was, therefore, necessary, in order to enable the appellee to recover on the subscription. Morawetz on Private Corp. sec. 282, and authorities cited in note 3.

*Second*—The condition specifies only that the road shall be "so constructed that cars may be run over the same." The instruction of the court followed this language substantially. Clearly, no greater degree of completeness or perfection of the

road was intended, or it would have been specified. We think the court did not err in its construction of the condition in this respect. The question of fact was for the jury, and the finding of the Appellate Court relieves us of any inquiry in that respect.

We think the judgment of the Appellate Court was right, and it must therefore be affirmed.

*Judgment affirmed.*