THE NEW HAVEN TRUST COMPANY, RECEIVER, *vs.* JOHN W. GAFFNEY.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The right to return an article "after six months, if dissatisfied" with the purchase, must be exercised within a reasonable time after the expiration of the six months; and an answer which fails to show that the alleged return was made within such time is demurrable for that omission.

One who buys originally-issued shares of stock from the corporation itself, occupies substantially the position of an original subscriber.

A life insurance company whose charter provides that its capital shall stand in lieu of the ordinary re-insurance reserve, has no power to sell its shares of stock for less than par. If it attempts to do so the contract of sale is void, and the purchaser is liable to the corporation or to its receiver for the full par value.

Whether an ordinary moneyed corporation could make such a contract of sale, *quære.*

Argued October 25th, 1900—decided January 3d, 1901.

ACTION to recover a balance claimed to be due on certain shares of the capital stock of a corporation in the hands of a receiver, brought to the Superior Court in New Haven County and tried to the court upon the plaintiff's demurrer to the answer; the court, *Thayer, J.,* sustained the demurrer and thereafter rendered judgment for the plaintiff, and the defendant appealed for alleged errors in the rulings of the court. *No error.*

The complaint in this case is similar to the one in the preceding case, brought by the present plaintiff against Nelson. The defendant demurred to the complaint upon the same grounds set up in the demurrer to the complaint in the Nelson case, and the court (*George W. Wheeler, J.*) overruled the demurrer and the defendant then answered over.

The answer admitted the facts alleged in the complaint, and then set up what are called in the answer four special defenses. All the paragraphs of the first three special defenses are made part of the fourth, so that the last defense embodies the entire defense to the action. This defense, as thus embodied, is in substance as follows: —

The stock which the defendant purchased was offered to him upon the terms stated in the following letter, sent to him by the duly authorized agent of the corporation:

"WATERBURY, Sept. 28, '93.

"MR. GAFFNEY:

"We will give you $5,000 or $10,000 of Conn. Indemnity stock, with the understanding that you can return the same to us after six months, if you are dissatisfied, for sixty-five per cent of face value, fifty per cent paid down in cash or notes with interest, balance of fifteen per cent to be paid when the company declares a dividend. You can have this option for 30 or 60 days."

The defendant accepted this proposition, and thereupon

purchased one hundred shares, each of the par value of $100, and paid to the corporation therefor in cash $5,000, being fifty per cent of the face value of said stock. The corporation never thereafter earned, declared, or paid, a dividend. The defendant never subscribed for said stock, but purchased the same in good faith in open market. What he agreed to pay for it was its full market value at that time, and the corporation, in consideration of his agreement and purchase, agreed to accept said price in full of said stock, and that the same should be issued to him, and it was thereupon issued to him as full paid and non-assessable stock. The defendant was induced to purchase said stock by the representations of the officers and agents of the association, to the effect that it needed said money to pay its debts and to assist in carrying on its business, and that the avails of the issue of said stock then being sold in the market were being used and were to be used for these purposes. The defendant is informed and believes, and upon such information and belief alleges, that the money so paid by him was used for the purpose of paying the debts of said association and of carrying on its business, and for other purposes beneficial to said association. More than six months after the date of said agreement, and before the appointment of the plaintiff as receiver, the defendant, being dissatisfied, made demand of the said association to take back said stock and to repay the sum of $5,000 by him paid as aforesaid, and tendered back the stock, but the said association and its officers and agents neglected and refused to accept said stock and to repay the money paid by the defendant as aforesaid.

In September, 1899, the defendant informed the plaintiff as receiver, of the above demand and refusal, and of his right of option, and made demand of said receiver for the return to the defendant of the money so paid by the defendant for said stock upon surrender to the receiver of said stock, but said receiver neglected and refused to return said money.

The plaintiff demurred to this defense upon grounds the substance and effect of which may be stated as follows : (1) with reference to the claimed agreement between the defendant

and the corporation, that he should have the stock as full paid stock for sixty-five per cent of its face value, the facts showed that the defendant was legally bound to pay the face value of the stock, and the corporation could not by the claimed agreement release him therefrom; (2) with reference to his option to return the stock and reclaim the amount paid for it, that the defense did not show that he had exercised his option within the time agreed upon, to wit, within a reasonable time after the expiration of six months from the time said stock was issued.

The court (*Thayer, J.*) sustained the demurrer to the answer and rendered judgment for the plaintiff. The only errors assigned relate to the action of the court upon the demurrers to the complaint and answer.

*Henry Stoddard* and *Nathaniel R. Bronson,* for the appellant (defendant).

*Henry C. White* and *Leonard M. Daggett,* for the appellee (plaintiff).

TORRANCE, J. For the reasons given in the preceding case against Nelson, and which need not be repeated here, we think the court did not err in overruling the demurrer to the complaint in this case.

The answer in this case may fairly be regarded as setting up only two defenses. The first alleges, in substance, that the defendant bought his stock from the corporation upon the express condition that the price he agreed to pay for it should be received and accepted in full payment therefor, and that the stock should be issued to him as full paid and non-assessable. The second is to the effect that under the said sale contract he had the right to return the stock to the company and to receive the cash for it, and that he offered to return it as agreed, both to the corporation and to the plaintiff as its receiver, and demanded from each of them the cash paid for it, but they each refused to receive the stock or return the money.

The court below did not err in sustaining the demurrer to

this second defense.  The defendant under the sale contract
had the right to return the stock, if dissatisfied, "after six
months" from the time the stock was issued, and that means
that the right was to be exercised, if at all, within a reason-
able time after the six months expired ; and there is nothing
in the answer to show that he attempted to exercise that right
within the time agreed upon.  This part of the answer was
thus clearly defective in respect to a material point, and con-
stitututed no defense.

We are also of opinion that the court below did not err in
sustaining the demurrer to the first defense.  The corporation,
whose stock the defendant purchased, was a life insurance
company chartered by the legislature of this State.  By its
charter it is provided that it "shall have a working capital to
an amount not exceeding one hundred thousand dollars, di-
vided into shares of one hundred dollars each at their par
value, with power to increase the same to an amount not ex-
ceeding two hundred and fifty thousand dollars, and may
commence business under this charter when fifty thousand
dollars shall have been subscribed for and paid in to said work-
ing capital, which shall be in lieu of a reserve ;" and further
that "the shareholders shall not be personally liable, except
for the amount of working capital subscribed for by them, but
shall be liable for the full amount subscribed, if necessary to
pay any valid claims against said corporation."  10 Special
Laws, 616, 617.

Upon the facts alleged in the answer, the defendant became
the owner of one hundred shares of the par value of $10,000,
and by the issue of it to him he became as much obligated to
pay its full par value when properly called upon to do so, as
if he had been an original subscriber for it.  The complaint
states a good cause of action upon this obligation, and the de-
fense to it is, in effect, that the defendant is not further liable
on his obligation because the corporation agreed with him, in
consideration of his purchase of the stock, that he should not
be liable for more than sixty-five per cent of its face value.
In other words, the defense is, in effect, that the corporation
released and discharged him from his liability to pay the full

par value. This defense cannot avail him upon the facts as they appear of record. His purchase of the shares in question from the company, it not being alleged that they were ever issued before, was equivalent to an original subscription for them.

The capital of this company was of a peculiar kind. It was, by the terms of its charter, to be in lieu of the re-insurance reserve which life insurance companies are ordinarily required to maintain. Such a reserve is a fund which must equal in amount at all times the aggregate policy liabilities at their then present value. It is created to secure those liabilities, and is from that circumstance impressed in a certain sense with an equity in favor of the holders of the policies. The charter of the Connecticut Indemnity Association fixed its capital stock, which occupied the place of such a re-insurance reserve, at a specified amount, to be divided into shares of $100 each at their par value. The amount thus arbitrarily fixed was not subject to change as the amount of policy liabilities might vary from time to time; and therefore it was the more necessary that this amount should always be preserved intact and unimpaired. Any contract by the company to issue shares at less than par was consequently *ultra vires*. The defendant, by taking the shares in question, became, under his contract of membership, liable to pay $100 for each of them. The condition that less was to be accepted, being *ultra vires*, was void. *Central Transp. Co.* v. *Pullman's Palace Car Co.*, 139 U. S. 24.

We have no occasion to determine whether an ordinary moneyed corporation could make such a contract. See 1 Cook on Stock & Stockh. (3d ed.) §§ 166–170; 2 Thomp. on Pri. Corp. §§ 1511–1514.

The company which the receiver represented could therefore have maintained this action, and the plaintiff has the same right.

There is no error.

In this opinion the other judges concurred.