LOUISANA OIL EXPLORATION COMPANY, INC., a corporation of the State of Delaware, *vs.* WILLIAM F. RASKOB.

1. PLEADING—GENERAL DEMURRER ADMITS ALL FACTS SUFFICIENTLY PLEADED.

   General demurrer admits all facts sufficiently pleaded.

2. COURTS—COURT NOT BOUND BY DECISION OF COURTS OF OTHER STATES.

   Court is not bound by decisions of courts of other states, but they show trend of law and act as guide in deciding question which is being adjudicated for first time.

3. CORPORATIONS—WHETHER STOCK TRANSACTION IS ONE OF SUBSCRIPTION OR PURCHASE IS QUESTION OF CONSTRUCTION.

   Whether particular stock transaction is one of subscription or purchase is question of construction.

4. CORPORATIONS—CORPORATION SUING TO RECOVER UNPAID SUBSCRIPTION OR UNPAID PURCHASE PRICE MUST SHOW ASSESSMENT AND CALL ON ALLEGED STOCKHOLDER FOR AMOUNT REQUIRED.

   Under General Corporation Act, §§ 20-22, before corporation can sue alleged stockholder to recover unpaid subscription or unpaid purchase price of newly issued stock, it must show assessment and call upon him for amount required, regardless of *Section* 14, designating what may be received in payment of stock, but not providing method of collecting.

(*January* 6, 1925.)

RICHARDS and RODNEY, J. J., sitting.

*George N. Davis* for plaintiff.

*Robert H. Richards* for defendant.

Superior Court for New Castle County, September Term, 1924.

Demurrer to defendant's special plea, No. 110, January Term, 1924.

RICHARDS, J., delivering the opinion of the court:

The plaintiff's declaration consisted of the common counts and a special count which contained the following allegations:

"On the 6th day of August, A. D. 1923, at the special instance and request of the said defendant, the said plaintiff sold, issued and delivered to the said defendant, and the said defendant purchased, received and accepted from the plaintiff, one hundred (100) shares of the capital stock of the said plaintiff, represented by certificate No. 81, at the agreed price of one hundred dollars ($100.00) per share, of the aggregate value of ten thousand dollars ($10,000.00)."

Defendant filed a special plea in these words:

"The said defendant says *actio non*—because the shares of stock in the plaintiff corporation, forming the basis of this suit and alleged by the plaintiff's declaration to have been 'sold, issued and delivered' by the plaintiff to the defendant, were in fact shares of stock that had never been issued by the plaintiff corporation prior to the alleged sale, issuance and delivery thereof to the said defendant, and the board of directors of the plaintiff corporation has never prior to the institution of this suit or at any other time, made any assessment or call upon the defendant for the payment of the alleged purchase price, or any part thereof, for said shares of stock nor has the said plaintiff ever given notice of any such assessment or call, as required by the statute of the state of Delaware in such case made and provided."

The plaintiff demurred generally to this plea.

[1] It has long been held that a general demurrer admits all facts which are sufficiently pleaded. *Pearce v. Provost*, 4 *Houst.* 467; *Thomas v. Grand Trunk Ry. Co.*, 1 *Penn.* 593, 42 *Atl.* 987.

We are, consequently, entitled to assume that the shares of stock which are the subject of this suit, brought to recover their purchase price, had never been issued by the plaintiff corporation prior to its alleged sale, issuance and delivery to the defendant.

The defendant's contention, as shown by his special plea, is that under the General Corporation Law of this State a call or assessment by the directors is a condition precedent to the maintenance of a suit by the corporation to recover either on an alleged stock subscription or for the unpaid portion of the purchase price of the shares of stock.

The plaintiff contends that *Section* 21 of the General Corporation Law has no application to this action, said action being based upon a sale of unissued stock.

While this question has never been decided by the Courts of this State, the principle of a call for unpaid stock subscriptions was recognized in this State at a very early date and is still recognized. *Odd Fellows Hall v. Glazier*, 5 *Harr.* 172; *Delaware R. R. Co. v. Tharp*, 1 *Houst.* 149; *Cooney Company v. Arlington Hotel Co.*, 11 *Del. Ch.* 430, 106 *Atl.* 39.

In the cases of *Odd Fellows Hall v. Glazier* and *Delaware R. R. Co. v. Tharp*, the charters of the corporations, which were granted by special acts of the Legislature, provided that calls should be

made for unpaid stock subscriptions before actions could be in-stituted therefor, and these provisions were upheld by the Court.

The case under consideration involves the construction of *Sections* 20 and 21 of our *General Corporation Law* (*Rev. Code* 1915, §§ 1934, 1935) which contain the following provisions:

"*Sec.* 20.  When the whole capital stock of a corporation shall not have been paid in, and the assets shall be insufficient to satisfy the claims of its creditors, each stockholder shall be bound to pay on each share held by him the sum necessary to complete the amount of the par value of such share as fixed by the charter of the company or its certificate of incorporation, or such proportion of that sum as shall be required to satisfy the debts of the company, which said sum or proportion thereof may be recovered as provided for in *Section* 49 of this chapter, after a writ of execution against the corporation has been returned unsatisfied, as provided for in *Section* 51 of this chapter.

"*Sec.* 21.  When any corporation is authorized to commence business, the directors may, if its whole capital stock has not been subscribed, open books for additional subscriptions to its capital stock.

"The capital stock of a corporation shall be paid in such amounts and at such times as the directors may require.  The directors may, from time to time, assess upon each share of stock not fully paid up, such sum of money as the necessities of the business may, in the judgment of the board of directors, require, not exceeding in the whole the balance remaining unpaid on said stock, up to the par value thereof, and such sum so assessed shall be paid to the treasurer at such times and by such installments or calls as the directors shall direct, the said directors having given at least thirty days' notice of the time and place of such payments in a newspaper of the county in this state where such corporation is established, or has its principal place of business, or by written notice mailed at least thirty days before the time for such payment, to each stockholder at his last known post office address."

These sections of the Act and *Section* 22 (*section* 1936) are the only portions thereof which deal with the payment for corporate stock and the method of enforcing payment therefor. *Section* 20 provides that when the whole capital stock of a corporation is not paid in, and there are not sufficient assets, each stockholder shall be required to pay his proportionate part of the amount necessary to satisfy the debt; but how is he to know what the required amount is until an assessment or call is made upon him by the directors?

*Section* 21 provides that the capital stock shall be paid, as, and when, the directors shall require it, and that the directors may assess upon each share of stock not fully paid up, such an amount as in their judgment the necessities of the business require; but

how is each stockholder to know the amount which he will be obliged to pay until an assessment or call is made by the directors? *Section* 22 provides that after a stockholder fails to pay an assessment or call, the directors may bring suit to recover the amount remaining unpaid on his stock. In those cases where the full amount is not paid for the stock at the time of the purchase or subscription, how is the stockholder to know what amount he is required to pay, or what amount the other stockholders are being required to pay, unless an assessment or call is made? Certainly he does not want to pay more on account of his stock than the other stockholders are paying.

There is nothing before the Court to indicate when the stock involved in this suit was to be paid for, or what understanding there was as to payment, if any, at the time the transaction took place.

If no call or assessment was made in a transaction of this character, as was said in the unreported New Jersey case of *Kruck Piano Company v. Banzhoff:*

"A single stockholder might be sued for the entire amount due upon his subscription and the other stockholders exempted from action, so that one or a few of those subscribing for the capital stock might be made to furnish all of the capital embarked in the enterprise."

[2] *Sections* 20 and 21 of our *General Corporation Law* have practically the same provisions as *Sections* 21 and 22 of the *General Corporation Act of New Jersey* (2 *Comp. St.* 1910, *pp.* 1610, 1611), and the New Jersey Courts have held that an assessment and call are necessary before suit can be brought on an unpaid stock subscription. *Grosse Isle Hotel Co. v. I'Ansons' Exec.,* 42 *N. J. Law,* 10; *Braddock v. R. R. Co.,* 45 *N. J. Law,* 363; *Storage Co. Assessors,* 56 *N. J. Law,* 389, 29 *Atl.* 160; *Kruck Piano Co. v. Banzhoff* (unreported). The decisions of the Courts of other States are not binding upon the Courts of this State, but they show the trend of the law and act as a guide in deciding a question which is being adjudicated for the first time. The New Jersey cases, above cited, are entitled to especial consideration in deciding the case now before the Court on account of the similarity of the statutes of the two States with respect to the question involved.

[3] The plaintiff has called attention to *Section* 14 of the *General Corporation Law*, to show that said law recognizes a distinction between a subscription and purchase of stock; the purpose of this section is to designate what may be received in payment for stock and in doing so the words "subscriptions to, or purchase of," are used, but it does not attempt to provide a method by which the subscription price, or the unpaid purchase price for stock can be collected. Whether a particular stock transaction is one of subscription or purchase, is shown by the weight of authority in this country to be a question of construction. *Peninsula Leasing Co. v. Cody*, 161 *Mich.* 604, 126 *N. W.* 1053; *New Haven Trust Co. v. Gaffney*, 73 *Conn.* 480, 47 *Atl.* 760; *Sherman v. Shaughnessy*, 148 *Mo. App.* 679, 129 *S. W.* 245; *Galbraith v. McDonald*, 123 *Minn.* 208, 143 *N. W.* 353, *Ann. Cas.* 1915A-420, *L. R. A.* 1915A, 464; *Wemple v. St. Louis J. & S. R. Co.*, 120 *Ill.* 196, 11 *N. E.* 906; *Walter A. Wood Harvester Co. v. Jefferson*, 57 *Minn.* 456, 59 *N. W.* 532; *Lincoln Shoe Mfg. Co. v. Sheldon*, 44 *Neb.* 279, 62 *N. W.* 480.

In the case of *New Haven Trust Co. v. Gaffney*, 73 *Conn.* 480, 47 *Atl.* 760, it was held that the purchase of stock from a corporation, which had not been previously issued, amounted to an original subscription.

In the case of *Wemple v. St. Louis J. & S. R. Co.*, 120 *Ill.* 196, 11 *N. E.* 906, the Court used the following language:

"The rule is, where no formalities are prescribed, any agreement by which a person shows an intention to become a shareholder upon the terms set forth in the company's charter, is sufficient to constitute a contract of subscription."

Under these decisions the transaction in the case under consideration would amount to a subscription.

Many of the cases cited by the plaintiff do not appear to us to be applicable to this case. In the case of *Thurmond v. Paragon*, 82 *W. Va.* 49, 95 *S. E.* 816, the stockholders authorized the sale of certain unissued stock at a certain price, the question involved being whether they had the authority to fix the price of the stock. The case of *Bivens v. Hull*, 58 *Colo.* 338, was an action for the specific performance of a contract, the real question decided by

the court being that it did not appear that the corporation mentioned had ever entered into the contract, also that it was not a party to the suit.

In re *Tunnell Mining Company*, 35 *Ch. D.* 579, involved a construction of the English Companies Act of 1867.

*Anderson v. Scandia Mining Syndicate et al.*, 26 *S. D.* 558, 128 *N. W.* 1016; this case involved the construction of a statute of South Dakota, regulating the issuing of certificates for stock not fully paid for.

[4]   The only question before the Court in the case now being considered is an interpretation of *Sections* 20 and 21 of our General Corporation Law, above quoted, with respect to assessments and calls for the amount due and owing for capital stock. After a careful consideration of this question we are clearly of the opinion that before a corporation can maintain an action against an alleged stockholder to recover an unpaid subscription for stock therein, or the unpaid purchase price for newly issued stock, it is incumbent upon it to show that an assessment and call has been made upon said alleged stockholder for the amount required from him.

The demurrer is overruled.