RUBY v. SCHEE.

1. **Garnishment: PLEADING: EVIDENCE.** In a garnishment proceeding the garnishee denied indebtedness, whereupon the plaintiff filed a pleading controverting the answers of the garnishee and averring an indebtedness in general terms: *Held*, that the garnishee should have demurred to the pleading or moved to make it more specific, and that failing so to do he could not object to the introduction of evidence tending to establish the indebtedness.

*Appeal from Mahaska District Court.*

FRIDAY, JUNE 13.

THE plaintiff, being the owner of a judgment against A. M. Coonrod, caused a general execution to be issued thereon, and under said action the sheriff garnished W. F. Schee, the appellant herein. The notice of garnishment was served on the 24th day of February, 1877, and required appellant to appear and answer as garnishee on the third Monday in April, 1877. At the time fixed in the notice Schee appeared and answered. The interrogatories propounded to him were those prescribed by section 2980 of the Code. His answers were, "that he was not indebted to A. M. Coonrod in any manner;

that he did not have in his possession, nor under his control, any property, rights or credits of Coonrod, and that he did not know of debts owing to Coonrod either due or not due, nor did he know of any property, rights or credits belonging to him and in the possession or under the control of others." On the same day the answers were filed the garnishee filed a motion for his discharge upon his answers. Thereupon the plaintiff filed a pleading in these words—omitting the caption—"Now comes the plaintiff and controverts and denies the answer of W. F. Schee, and alleges that said garnishee is indebted to A. M. Coonrod in the sum of one thousand dollars, for which he asks judgment with costs." There was no other nor further pleading or motion filed by either party. At the April Term, 1878, of said court, there was a trial by jury. The jury found that Schee was indebted to Coonrod in the sum of four hundred and ninety-six dollars and thirty-eight cents, upon which finding the court rendered judgment for the plaintiff. Schee, the garnishee, appeals.

*Bolton. & McCoy* and *M. E. Cutts*, for appellant.

*John F. Lacey* and *Lafferty & Johnson*, for appellee.

Rothrock, J.—I. The bill of exceptions shows that at the time the plaintiff offered testimony to prove an indebtedness from Schee to Coonrod, the execution defendant, and before any testimony had been admitted, the defendant Schee objected to the introduction of any evidence to prove any indebtedness, for the reason that no issue had been joined making such evidence relevant, and because the plaintiff had not in any pleading alleged or set out any particular indebtedness, nor had he in any pleading set out any facts out of which any indebtedness arose, nor had any issue in relation thereto been made in the pleadings. The objection was overruled, and the proper exception to the ruling was taken.

Evidence was introduced upon the trial by the plaintiff,

1. GARNISH-MENT: pleading: evidence.

tending to prove that appellant was indebted to Coonrod for a certain lot of cattle, sold by Coonrod to him. Schee introduced evidence tending to show that he was not indebted for the cattle, but that he had fully paid for the same when he received them from Coonrod.

It is urged by counsel for appellant that the pleading filed by the plaintiff contained no allegation of fact; that it was a mere allegation of indebtedness from Schee to Coonrod, and was, therefore, simply a conclusion of law upon which no issue could be joined.

Section 2987 of the Code provides: "When the garnishee has answered the interrogatories propounded to him, the plaintiff may controvert the same by pleading, by him filed, and issue may be joined and the same tried in the usual manner. *       *       *       *       *       *"

We think, if the garnishee had demurred to the pleading controverting his answers, or more properly, if he had filed a motion demanding a more specific statement of the alleged indebtedness from himself to Coonrod, the pleading should have been required to be made more specific, if the plaintiff was in possession of such facts as would enable him to specifically point out the indebtedness. But in the absence of such motion or demurrer, in our opinion, the ruling of the court was correct. From the very nature of controversies of this character, it is apparent that the plaintiff cannot as a rule plead facts with the same particularity as where the action is between parties who have personal knowledge of all the facts in controversy. But, even then, we are not prepared to say that the defendant, upon a general allegation of indebtedness, may, without demurring, or without moving for a more specific statement, rely upon an objection to the introduction of evidence upon the ground that the petition is insufficient in allegations of fact. That a party may not interpose one defense and prove and rely upon another, is settled beyond all question. It is equally well settled that

no recovery can be had upon a state of facts variant from those pleaded in the petition. Where a party avers in his petition demand, protest, and notice, he cannot recover by showing a waiver and subsequent promise to pay. *Lumbert v. Palmer*, 29 Iowa, 104.

Where, in a suit on a promissory note, the only defense pleaded is a denial of the execution of the note, the defendant will be confined in his proof to the issue made in the answer. *Dunning v. Rumbaugh*, 36 Id., 566. But the case at bar is not within this principle. Here the objection is not that there is a variance between the pleading and the proof, but that the pleading is so general in its terms that it cannot be sustained by evidence.

We are cited by counsel to quite a number of opinions by this court, which, it is claimed, support appellant's position on this question. Among these are *Hale v. Walker*, 31 Iowa, 344; *Ockendon v. Barnes*, 43 Id., 615; *Blanchard v. Ware*, Id., 537; *Root v. Schaffner*, 39 Id., 375. These cases hold that a general allegation of fraud, without stating the facts constituting such fraud, is not a good pleading. But all these cases are upon demurrer to the defective pleading, and not upon objection to the introduction of evidence under such pleading.

II. It was shown in evidence that Coonrod had admitted to various persons that there was no indebtedness from Schee to him, and that Schee owed him nothing. The evidence further tended to show that Coonrod, at the time of the sale of the cattle, was insolvent, and was largely indebted to various parties; that Schee was his surety for a large amount of money, and that at the same time Schee bought the cattle, Coonrod conveyed a farm to him. Coonrod testified that the cattle had not been paid for, and that Schee had said after he was garnished, "that the land is safe, but I don't know how to take care of the cattle;" that he didn't know how he could answer except that he was in debt to Coonrod. There was

other evidence of the statements of Schee corroborating in part the testimony of Coonrod.

The court instructed the jury as follows:

"8. * * * * * If you find that such admissions were made in fact by Coonrod, but were made and were said in pursuance of a scheme or plan entered into by and between Coonrod and Schee for the purpose of hindering, or delaying, or defrauding Coonrod's creditors, then such fact should be considered in passing upon such declarations. Yet you should not find there was such a scheme unless there is evidence to support such a finding: you will not presume it to be so."

It is urged that this instruction is erroneous because there was no evidence whatever that such a fraudulent scheme or purpose was entered into by Coonrod and Schee. We think the statement of Schee that the land was safe, but that he did not know how he would get along with the cattle, with the other evidence, which we need not detail here, was sufficient to warrant the court in giving the instruction and leaving the jury to determine whether there was fraud in the transaction.

III. It is objected that the sixth paragraph of the instructions is erroneous. It instructs upon the weight to be given to verbal admissions made by a party to an action, and is the same in substance as section 200, vol. 1, Greenleaf on Evidence. That it is correct in principle cannot be questioned. That it is applicable in all cases where verbal admissions are relied upon, is equally true. It was not, therefore, erroneous to give it as an instruction. At the same time, it would not have been error if the plaintiff had asked the instruction and it had been refused. It is a statement of certain rules applicable to that class of evidence, which the court may or may not, in its discretion, give to the jury.

AFFIRMED.