WALTER A. WOOD HARVESTER CO. *vs.* DANIEL M. ROBBINS.

Argued Nov. 21, 1893.    Affirmed Dec. 30, 1893.

No. 8471.

**Allegation that a call was duly made, and that a notice was duly given is sufficient.**

Conceding that the provisions of 1878 G. S. ch. 34, § 130, in relation to calls for subscriptions for stock in manufacturing corporations, is applicable to the calls for such subscriptions set forth in the complaint, *held*, that the statement therein that such calls were duly made by the directors, and notice thereof duly given to the stockholders, is a sufficient allegation of performance of the requisite conditions on the part of the plaintiff.

**Other allegations in a complaint considered.**

The allegations in the complaint in respect to the organization of the company with a fixed amount of capital, and in respect to the subscription of the designated number of shares thereof by the defendant, *held* sufficient.

**A subscription for stock is a contract.**

Such subscription constitutes a contract with the company, supported, mutually, by a sufficient consideration.

**Tender of the stock not necessary to recover a call not the last.**

The tender of the stock certificate is not a condition precedent to a right of action to recover an installment of a stock subscription.

Appeal by defendant, Daniel M. Robbins, from an order of the District Court of Ramsey County, *William Louis Kelly*, J., made June 13, 1893, overruling his demurrer to the complaint.

The plaintiff, the Walter A. Wood Harvester Company was organized January 21, 1892, as a manufacturing corporation under Laws 1873, ch. 11 (1878 G. S. ch. 34, §§ 120 to 143, inclusive). Its capital stock was $2,500,000, divided into shares of $100 each. The complaint in this action stated that on January 22, 1892, defendant for value received subscribed for and agreed to take and pay for fifty of these shares, payments to be made in installments as called for by the board of directors, provided that not more than fifty per cent thereof should be called for or payable within one year from January 1, 1892. It further stated that at a meeting of the board of directors duly called and held on February 9, 1892, a resolution was duly adopted calling for payment of five per cent upon subscriptions to the capital stock payable March 5, 1892, that thereafter and more than twenty days prior to the last mentioned date, defendant was duly notified in writing of the passing of this resolution and requested to pay, but that he failed and neglected so to do. Nine other similar calls were made and were each set forth in similar language in the complaint as a further and separate cause of action. The plaintiff demanded judgment for $2,500 and interest. Defendant demurred to the complaint and specified as the ground of objection that it did not state facts sufficient to constitute a cause of action. The Court overruled the demurrer, saying:

"This complaint says that the Board of Directors at a meeting 'duly' called, 'duly' adopted a resolution calling for five per cent of the subscription; that defendant was 'duly' notified thereof in writing, and requested to make payment, and though 'duly requested' &c., failed and neglected to pay. As to the import of the word 'duly' when used in pleadings, and especially as against a demurrer see *Webb* v. *Bidwell*, 15 Minn. 479; *Minneapolis & St. L. Ry. Co.* v. *Morrison*, 23 Minn. 308; *Brownell* v. *Greenwich*, 114 N. Y. 518. 'Duly' in

v.56m.—4

legal parlance means according to law. It does not relate to form merely, but includes form and substance both."

*Davis, Kellogg & Severance,* for appellant.

*Munn, Boyesen & Thygeson,* for respondent.

VANDERBURGH, J. This action is brought to recover an installment of a stock subscription, alleged to have been made by the defendant. The questions in the case arise upon the demurrer to the complaint for insufficiency.

One section of the statute 1878 G. S. ch. 34, § 130, under which the plaintiff corporation is alleged to be organized provides that the directors may call in stock subscriptions, by installments, in such proportions, and at such times and places, as they shall think proper, by giving such notice thereof as the by-laws shall prescribe; and in case any stockholder shall neglect payment for the space of sixty days after the same shall become due, and after he shall have been notified thereof, an action may be brought therefor.

The complaint shows that, by the contract of subscription, payment thereof was agreed to be made in installments, as called for by the board of directors, and at such times as said board shall direct, provided that not more than fifty per cent. shall be made payable within one year from the 1st day of January, 1892. Except as to the limitation to fifty per cent. for the first year, this provision is like the corresponding statutory provision quoted. No reason is suggested why the statute does not remain operative in respect to notice and time of payment thereafter.

The defendant insists that the complaint does not show that he has been legally notified, and that he is not therefore in default, and particularly that the company had, by any by-law, prescribed what notice of the calls for the payment of installments should be given to the subscribers of stock. On this point the complaint states that at a meeting of the board of directors on February 9, 1892, duly called, a resolution was duly adopted, calling for the payment of five per cent. of the subscribed capital stock of the corporation, including that of defendant, payable March 5, 1892; and that thereafter, and more than twenty days prior to the said 5th day of March, 1892, defendant was duly notified in writing of the passage of the resolution above referred to by the board of directors, and requested to pay five per

cent. of the amount of stock so subscribed by him to the treasurer of the corporation, which the defendant has neglected and refused to do. Similar calls for other installments of stock are alleged, together with the defendant's default to make payment there of, as requested.

Assuming that the defendant is bound by the contract, and that the statute in question is to be read in connection with it, the matter of the proceedings for notifying him, and the question whether the requisite notice had been given, so as to entitle the plaintiff to sue at the particular time, may be treated as in the nature of conditions precedent, which may, we think, for the purposes of pleading, be covered by the general allegation made. 1878 G. S. ch. 66, § 109. In this view of the case, we think that the allegation that the defendant was duly notified means that the proper notice had been prescribed and served, and that all the requisites necessary to constitute a legal and valid notice had been complied with. The details of the proceedings need not be stated at length in the complaint, but, if the general allegations of performance are denied in the answer, the plaintiff will be obliged to prove the facts showing such performance.

The allegation in respect to the defendant's subscription for stock of the corporation is sufficient. The fair interpretation thereof is that he subscribed and agreed to pay for the number of shares set opposite his name, which was fifty shares.

So, the allegations of the due corporate organization of the company, with the amount of capital stock designated, and showing its authority to recover stock subscriptions, are sufficient.

The subscription for the stock constitutes a contract with the company which is supported by a sufficient consideration. The subscriber thereby acquires an interest in the corporation, and there is an implied promise on the part of the company to issue the proper certificate, as evidence of his interest, whenever the terms of the subscription shall be complied with, so as to entitle him to it. A tender of the certificate of stock is not a condition precedent to a right of action to recover an installment of the stock subscription.

Order affirmed.

BUCK, J., took no part.

(Opinion published 57 N. W. Rep. 317.)