O. N. BULL REMEDY COMPANY v. HENRY CLARK.[1]

January 7, 1910.

Nos. 16,306—(132).

**Alteration of Written Instrument.**

A material alteration of a written instrument is an intentional act done upon it, after it has been fully executed, by one of the parties thereto, without the consent of the other, which changes the legal effect of the instrument in any respect.

**Same — Material Alteration.**

The cross-marking of a material provision in a written instrument, after its execution, by one of the parties thereto, without the consent of the other, with the intention of canceling or erasing it, constitutes a material alteration of the instrument.

**Evidence.**

Evidence considered, and *held* sufficient to sustain the verdict. There were no reversible errors in the rulings of the trial court as to the admission in evidence of plaintiff's letters, nor in its charge to the jury.

Action against William S. Boyer, Henry Clark and H. J. Trana in the district court for Wadena county to recover $794.32 upon a contract executed by plaintiff and defendant Boyer as principals, the performance of which by Boyer was guaranteed by the other defendants. There was no service of summons upon defendant Boyer, Trana made settlement with the plaintiff before trial, and defendant Clark in his separate answer set up as defenses: (1) That the contract had been altered by plaintiff in a material provision after its execution by drawing lines through and across the

---

[1]Reported in 124 N. W. 20.

following words written in ink on the back of the contract: "All goods not sold in sixty days to be returned to company;" (2) that plaintiff secretly granted to Boyer an extension of time from sixty days to six months without the consent of defendant; and (3) that Boyer failed to make weekly reports to plaintiff, as specified in the contract, and plaintiff's failure to notify defendant.

At the trial the court, Taylor, J., ruled that no evidence had been received to sustain either the second or third defenses, and submitted to the jury only the question as to the alteration of the contract. The jury rendered a verdict in favor of defendant. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

G. F. Cashman and M. J. Daly, for appellant.

H. J. Maxfield, for respondent.

START, C. J.

On September 7, 1906, the plaintiff entered into a written contract with the defendant Boyer, whereby he was to act as its salesman for its goods and account for the same. The defendants Clark and Trana guaranteed the faithful performance of the contract of Boyer, who made default, and this action was brought in the district court of the county of Wadena to recover the amount due on the contract. The guarantors, only, answered, and to the effect that the contract was materially altered after its execution. The defendant Trana made settlement for his alleged pro rata liability on the contract before the trial, and it proceeded as to the defendant Clark. A verdict was returned for him, and the plaintiff appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

There were on the back of the contract, which were a part thereof, numerous printed provisions as to the duties and obligations of the salesman, Boyer, to which were added in writing at the end thereof these words: "All goods not sold in sixty days to be returned to company." There was evidence tending to show that this last provision was a part of the contract when it was signed and delivered by the guarantors, and that it was added to the contract

at the request of the guarantor Clark. When the contract was produced by the plaintiff at the trial, and introduced in evidence, the written clause to which we have referred had upon and across the face thereof four pencil marks diagonally crossing each other, which the evidence tends to show were not on the contract when it was delivered.

The plaintiff requested the court to give this instruction: "In order to render a contract void because of alterations therein, it must appear that the writing has been intentionally altered and in a material part, by a person claiming benefit under it, with intent to defraud the other party." The court instructed the jury that: "Unless these marks were placed there by the plaintiff, or with the knowledge and consent of the plaintiff or of its officers, it makes no difference whether they are there or are not. If they were placed there with the knowledge and consent of the plaintiff or its officers, then the question arises: Were they placed there for the purpose and with the intent of canceling, erasing and obliterating this clause in the contract? (If they were placed there by the plaintiff or by its officers, or through their connivance, with their knowledge and consent, for the purpose of obliterating and canceling this phrase of the contract, then your verdict should be for the defendant.) Unless you find that to be true, your verdict should be for the plaintiff." The plaintiff's requested instruction was not otherwise given. Error is here assigned to the refusal to give the requested instruction and to that part of the court's charge which we have placed in parenthesis.

All of the assignments of error, except those relating to the rulings of the court on the admission of evidence, raised the question whether the evidence justified the submission of the question of the alteration of the contract to the jury, and whether it is sufficient to sustain their verdict. The contention of plaintiff's counsel is to the effect that upon the evidence the question whether there was an alteration of the defendants' contract was one of law for the court, and that the evidence is conclusive that there was none. The clause of the contract which was cross-marked out was a material part thereof, for it was restrictive of the defendants' liability; hence, if such cross-

marking was an alteration of the contract, it was a material one. The plaintiff claims that the cross-marking of this particular clause was not an alteration of the written contract, because there was no interlineation, substitution, addition, or erasure. A material alteration of a written instrument is an intentional act done upon it, after it has been fully executed by one of the parties thereto, without the consent of the other, which changes the legal effect of the instrument in any respect. 3 Page, Cont. § 1518; 2 Cyc. 142; 2 Am. & Eng. Enc. (2d Ed.) 185; Board of Commrs. of Fillmore County v. Greenleaf, 80 Minn. 242, 83 N. W. 157.

It is the effect of the act upon the instrument, and not the particular manner in which it is done, which is material, whether it be by interlineation, addition, substitution, change of words, detaching material memoranda therefrom, erasure, or by cancellation of some material provision thereof. The drawing of cross-lines over a written instrument, or any part thereof, is a common mode of expressing an intent to erase or cancel it. The inference to be drawn from such an act is ordinarily a question of fact for the jury. It was so in this case, and upon the whole evidence we hold that the court properly submitted the question to the jury. Wilson v. Hayes, 40 Minn. 531, 42 N. W. 467, 4 L. R. A. 196, 12 Am. St. 754; Warder, Bushnell & Glessner Co. v. Willyard, 46 Minn. 531, 49 N. W. 300, 24 Am. St. 250. The charge of the court was as favorable to the plaintiff as it was entitled to have it. The evidence is sufficient to sustain a finding by the jury that the cross-marks were placed upon the clause of the contract in question by the plaintiff after its delivery, with the intention of canceling or erasing it, without the knowledge or consent of the defendants. Such an act constitutes an alteration of the instrument. It was not error to refuse plaintiff's requested instruction, for in so far as it was correct it was covered by the general charge.

Error is also urged as to the admission in evidence of certain letters from the plaintiff to the defendant Boyer, on the ground that a proper foundation had not been laid by showing their authenticity. The question whether a sufficient foundation has been laid for the admission of documentary evidence is addressed to the

discretion of the trial court, which was not abused in this case, for there was evidence fairly tending to establish the authenticity of the letters.

Order affirmed.