## AMERICAN MUTUAL FARM & DWELLING HOUSE FIRE INSURANCE COMPANY v. H. K. KVANBECK.[1]

April 12, 1929.

No. 27,144.

*Murphy, Johanson & Ward* and *Charles L. DeReu,* for appellant.
*Hall & Catlin,* for respondent.

HILTON, J.

Defendant appeals from an order denying his motion for a new trial.

Action by plaintiff, a Minnesota corporation, to recover $600 and interest, the balance on an unpaid subscription made by defendant to a guaranty fund. The jury returned a verdict in favor of plaintiff for the full amount claimed.

Plaintiff was organized in January, 1925, and licensed to issue policies on October 14, 1925. On August 29, 1925, by the unanimous vote of its board of directors, a resolution was adopted creating a

[1] Reported in 224 N. W. 851.

guaranty fund. This resolution recited that it appeared advisable and in the best interests, and for the protection, of the policyholders to establish a guaranty fund in accordance with a named by-law of the association and state laws therein referred to (now 1 Mason Minn. St. § 3548). The language of the subscription paper was somewhat indefinite, yet its purpose and intent was easily ascertainable. Defendant subscribed for 20 certificates. On two different occasions he paid $200 and received 8 certificates. Not having paid for any of the other 12 certificates subscribed for, this suit was brought.

Defendant's contentions are that the plaintiff had no authority to take subscriptions; that defendant's signature to the subscription list was without consideration; that the certificates were never tendered him; that the subscription did not constitute a contract; that the same was procured from him through fraud; and that the subscription was altered and changed after he signed it. The errors assigned go to the propositions stated. We have examined the objections made as to certain portions of the charge to the jury and as to the court's rulings on the admission of evidence. We find no error therein.

The statutes provide for the establishment of a guaranty fund by companies such as plaintiff and it had authority to take subscriptions therefor. The subscription instrument, as received in evidence, was headed:

"Subscription to Guaranty Fund Certificates, (Capital Stock) of American Mutual Farm & Dwelling House Fire Insurance Company, Minneota, Minn.

. "Amount authorized $20,000.00. Certificates (Shares) $50.00 each payable by cash or by installment of $10.00 balance being paid later.

"Dividend of 10 per cent payable annually. Limit of 20 shares for one person.

"Shares are Non Assessable. 'The holder of each Guaranty Fund Certificate shall be liable to the company for the amount which has not been paid in thereon and no more. (Resolution No. 7').

"For to learn the full rights of these certificates see resolutions attached hereto and the State Laws applying."

Then followed the names of subscribers, their addresses, number of shares and amount taken by each. Attached was a copy of the resolution. Defendant's name appears in the list of subscribers which shows that he subscribed for 20 shares, amounting to $1,000 with $400 paid thereon. Defendant signed the subscription paper on September 8, 1925.

It was not necessary that there be, in the subscription paper, an express promise to pay. There was an implied promise. The object to be attained by signatures on the subscription was manifest. There was, under the evidence in this case, a consideration for such promise, and defendant's action in paying for eight shares clearly indicates the meaning and understanding he had of the transaction and of the document he signed. A demand was made upon defendant for payment of his subscribed for and unissued certificates before suit was brought. Upon such payment he would be entitled to receive and would have received them as he had those for which he had already paid. It was not necessary for the certificates to be tendered or delivered to him prior to the time of payment therefor. The same rule maintains here as in a case of subscriptions for stock in a corporation. The subscription amounted to an enforceable contract. Marson v. Deither, 49 Minn. 423, 52 N. W. 38; Nulton v. Clayton, 54 Iowa, 425, 6 N. W. 685, 37 Am. R. 213; Holland v. Duluth I. M. & D. Co. 65 Minn. 324, 68 N. W. 50, 60 Am. R. 480; Walter A. Wood Harv. Co. v. Robbins, 56 Minn. 48, 57 N. W. 317; Columbia Elec. Co. v. Dixon, 46 Minn. 463, 49 N. W. 244; 14 C. J. 528, 536; 3 L. R. A. 797, note; 4 L. R. A. 507, note; 7 R. C. L. 221, et seq.

The question whether defendant's subscription was obtained through fraud was one of fact for and properly submitted to the jury, which by its verdict decided against defendant, upon whom rested the burden of proof. This result is sufficiently supported by the evidence. On July 5, 1927, after an examination made, the state insurance commissioner criticized the manner in which the

company had been conducted and called attention to the fact that an amount was still due from guaranty fund subscribers for unpaid balances on their subscriptions. He expressly stated that if the company was to continue its business such unpaid balances must be collected. The original subscription list provided for a maximum issue of $10,000. Subsequent to November 7 and after defendant had subscribed, the figure one was changed to two by the secretary of the company without any instructions so to do. The resolution hereinbefore referred to and which was attached to the subscription list when plaintiff signed it, provided that "the Secretary of the company be, and he hereby is authorized to receive subscriptions to said Guaranty Fund to the amount of $10,000.00 until and unless the amount is changed by resolution of the Board of Directors." On November 7, 1925, at a meeting of the board, a resolution was adopted in the exact language above quoted except that the figures $10,000 were changed to $20,000. As a matter of fact, the total amount of guaranty certificates subscribed for was only $7,300. There was not, under the circumstances, such a material alteration as to avoid the subscription. The rights and obligations of defendant were in no manner affected. Herrick v. Baldwin, 17 Minn. 183 (209), 10 Am. R. 161; Commrs. of Renville County v. Gray, 61 Minn. 242, 63 N. W. 635; O. N. Bull Remedy Co. v. Clark, 109 Minn. 396, 124 N. W. 20, 32 L.R.A.(N.S.) 519, 18 Ann. Cas. 413; 1 Dunnell, Minn. Dig. (2 ed.) § 260.

We reach the conclusion that the order appealed from should be and it is hereby affirmed.

Affirmed.