## FORREST TELLOCK v. EMIL BACKHOLM.[1]

July 25, 1952.

No. 35,688.

*Clifford G. Nelson,* for appellant.
*Bradford & Kennedy,* for respondent.

MAGNEY, JUSTICE.

Action to recover treble damages for conversion of certain standing timber owned by plaintiff. Defendant claimed that the timber was cut and taken with plaintiff's permission pursuant to a contract for its purchase. Judgment was entered for plaintiff for $914.70. Defendant appeals. The action was tried by the court without a jury.

At the trial, defendant produced exhibit A, an instrument in writing as follows:

"I am releasing the *green timber* in Sec. 27 NE ¼ of NE ¼ to Emil Backholm $10.00 in full

"By Forrest<br>Tellock." (Italics supplied.)

---

[1]Reported in 54 N. W. (2d) 838.

This release or receipt would ordinarily constitute a complete defense. But plaintiff testified that the receipt originally contained the words "green posts"; that he had not written therein the words "green timber"; that, the word "posts" had been erased and the word "timber" inserted; and that the words "Emil Backholm $10.00 in full" had been inserted without his consent after he had signed the instrument. Since plaintiff admits that whatever he sold he sold to Emil Backholm for $10 in full, this last claim is not of any particular importance. Defendant insists that exhibit A is in the exact wording as when delivered to him.

It was not disputed that the timber cut and carried away by defendant was of the total value of $263.40. Treble damages plus costs and disbursements account for the amount of the judgment.

Plaintiff testified that he wrote the receipt, making two original copies. He said that he retained one copy but does not know where it is now. At least it was not produced. He testified that his brother Richard was present when the deal was made. He was not produced either and was unaccounted for.

Defendant testified that the plaintiff had cut timber on the forty in question the previous season. Plaintiff does not deny this. There was some timber remaining. Defendant also testified that he offered plaintiff $10 for the standing green timber and said that he would pay the delinquent taxes on the land, which turned out to be $11.77. Plaintiff denies that defendant agreed to pay the taxes. He admits that the taxes were in fact paid but that he did not pay them. Plaintiff testified that if he were able to produce the receipt it would show that he sold only green posts and that it would read: "Received of Emil Backholm ten dollars for green posts." He said: "I sold green posts. That is what I sold." He did not say that the receipt would read "post timber." After defendant, in his defense, had offered the receipt in evidence, which the court said that it would receive for whatever it was worth, plaintiff testified that the receipt was in his writing except the words "green timber" and "Emil Backholm $10.00 in full." He said that the receipt originally

was for "green posts" and not as it now reads, "green timber." He said that he wrote something about "green posts."

The court held in effect that the receipt had been altered or forged by the erasure of the word "posts" and the insertion of the word "timber."

The whole case hinges upon whether plaintiff sold defendant the green *timber* or the green *posts*. After scrutinizing the receipt carefully, we are of the opinion that there had been no erasure, and that the word "timber" was originally used in the receipt.

In Boston Block Co. v. Buffington, 39 Minn. 385, 387, 40 N. W. 361, 362, Mr. Justice Mitchell said:

"* * * we are of the opinion that the evidence was not sufficient to justify the court in finding that defendant's lease had ever been altered as claimed. The charge made against defendant is virtually forgery. A party who claims that a writing has been thus altered must support his charge by clear and satisfactory evidence."

We have detailed plaintiff's testimony. He did not produce his original copy of the receipt, which he said he had had. He did not produce his brother, who he said was present when the transaction took place. Exhibit A itself, in our opinion, does not show evidence of having had the word "posts" erased and the word "timber" inserted. In our opinion, plaintiff has not supported his charge of erasure or forgery by clear and satisfactory evidence.

In view of all the evidence, we are of the opinion that it is insufficient to justify a finding that there had been an alteration of the receipt. For this reason and in furtherance of justice, the judgment is reversed.

Judgment reversed and new trial granted.

THOMAS GALLAGHER, JUSTICE (dissenting).

Plaintiff testified that the described receipt originally contained the words "green posts"; that he had not written therein the words "green timber"; that the words "Emil Backholm $10.00 in full" had been inserted without his consent after he had signed the instrument; and that erasures otherwise had been made thereon.

It is undisputed that defendant cut and carried away from plaintiff's land some 14,635 board feet of jack pine, 1,430 board feet of Norway pine, and 19 cords of jack pine pulpwood of the total value of $263.40. Plaintiff asserts that he had agreed to sell only some 200 standing green posts, and that the cutting and removal of the remaining timber was done without his knowledge and consent.

With respect to the receipt (exhibit A), the court found:

"That Exhibit A has been materially altered by handwriting other than that of this plaintiff, and it is not entitled to any weight whatsoever."

I believe the evidence sufficient to support the trial court's finding that the receipt had been materially altered by handwriting other than that of plaintiff and hence that it was entitled to no weight. A careful scrutiny of it indicates that interlineations have been made upon it and that erasures mark the entire third line thereof. It is also apparent that something had previously been written under the present words "the green timber" therein. Plaintiff's testimony was that such alterations and erasures were made after delivery. Defendant offered no evidence tending to explain the alterations or erasures claimed by plaintiff.

Since it is impossible to determine from the instrument whether material portions of it were obliterated by subsequent erasures or to ascertain just what previously had been written in the space where the term "the green timber" now appears, it is obvious that no weight can be attached to it. The material alteration of such an agreement after its execution by a party seeking to enforce it voids its effect and prevents a recovery based thereon. 1 Dunnell, Dig. & Supp. § 259. The evidence here being sufficient to support the trial court's finding that the receipt had been materially altered, it must follow that it was entitled to no weight in the determination of the principal issue. O. N. Bull Remedy Co. v. Clark, 109 Minn. 396, 124 N. W. 20, 32 L.R.A.(N.S.) 519; Yellow Medicine County Bank v. Tagley, 57 Minn. 391, 59 N. W. 486; Wilson v. Hayes, 40 Minn. 531, 42 N. W. 467, 4 L. R. A. 196.

Aside from the receipt, the evidence as to the terms of the sale consisted of the testimony of plaintiff and defendant with respect thereto. Plaintiff testified that he had sold only the green posts, and that at no time did he consent to the taking of the Norway or jack pine logs and pulpwood. Defendant's testimony was to the contrary. After observing the demeanor of the two witnesses on the stand, the trial court chose to believe plaintiff. Since such evidence is amply sufficient to sustain the trial court's findings on this issue of fact, it would not seem to be the province of this court to disturb it. Aide v. Taylor, 214 Minn. 212, 7 N. W. (2d) 757, 145 A. L. R. 530; Benson v. Northland Transp. Co. 200 Minn. 445, 274 N. W. 532.

LORING, CHIEF JUSTICE (dissenting).

I agree with the views expressed by Mr. Justice Thomas Gallagher.